TAYLOR FLICK v. CITY OF BROKEN BOW.

FILED FEBRUARY 4, 1903.   No. 12,519.

Commissioner's opinion, Department No. 3.

**Validity of Ordinance.**  One can not question the validity of an ordinance until his rights are directly affected thereby.

ERROR from the district court for Custer county.  This proceeding is, apparently, in the nature of an action on the case at common law.  The opinion is short, and the facts appear therein.  Read and classify.  Tried below before SULLIVAN, J.  The court directed a verdict for the defendant.  Judgment on the verdict.  *Affirmed.*

See note at end of case.

*Taylor Flick,* for himself.

*Augustus R. Humphrey, contra.*

DUFFIE, C.

The city council of the city of Broken Bow passed an ordinance making it unlawful to operate a saloon for the

sale of intoxicating liquors, ale, wine or beer, or to operate
bowling-alleys, billiard-halls or pool-rooms on parts of certain designated streets in said city.   The plaintiff in error,
being the owner of certain premises within the territory
covered by said ordinance, brought suit against the city
to recover damages sustained, as alleged, in consequence
of being unable to rent his property for billiard-hall purposes on account thereof.   The court directed a verdict
for the defendant, and the plaintiff has brought the case
on error to this court.

The city of Broken Bow is a city of the second class,
of less than five thousand inhabitants; and subdivision 1,
section 39, chapter 14, of the Compiled Statutes of 1901
(Annotated Statutes, sec. 8639), relating to cities of that
class, gives the city council the following powers:   "To
restrain, prohibit, and suppress billiard tables and bowling alleys kept for public uses, houses of prostitution,
and unlicensed tippling shops, gambling and gambling
houses, and other disorderly houses and practices, and
all kinds of public indecencies, and all lotteries or fraudulent devices and practices for the purpose of obtaining
money or property."

Subdivision 8, section 69, chapter 14, of the Compiled
Statutes (Annotated Statutes, sec. 8719), gives the city
council the following authority:   "To raise revenue by
levying and collecting a license tax on any occupation or
business within the limits of the city or village, and regulate the same by ordinance.   All such taxes shall be
uniform in respect to the classes upon which they are imposed; *Provided, however,* That all scientific and literary
lectures and entertainments shall be exempt from such
taxation, as well also as concerts and other musical entertainments given exclusively by citizens of the city or village."

If there be any authority conferred upon the city council to license billiard-halls or bowling alleys, it is under
the section last above quoted, and it is not contended by
the plaintiff in error that a billiard-hall may be operated

in the city of Broken Bow without a license. If the ordinance is void, the council may disregard it and issue a license authorizing a billiard-hall to be operated within the prescribed district. It is not shown that any application was made to the city council for a license to operate a billiard-hall upon the plaintiff's property, and until this is done and the license refused because of the supposed binding force of the ordinance, the plaintiff in error has no cause of complaint. Had he applied to the city council for a license, and had the license been refused upon the ground that the council was bound by the ordinance, then the question of the validity of the ordinance would become a material question in the case. In the present condition of the record the question of the validity of the ordinance is not fairly raised and will not, therefore, be considered. We recommend the affirmance of the judgment of the district court.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

NOTE.—*Remote and Consequential Damages.*—An amusing instance of this kind occurred in Cedar county, in this state. A certain miller had ordered a lot of flour-sacks. The sacks were sent to Gayville, Dakota, the railroad point where the miller was to receive them. The shipping clerk had inserted, by mistake, the letter r, making the direction read Grayville, for Gayville. Then, too, there were then two Gayvilles in Dakota, one in Lawrence, the other in Yankton county. The latter was the point of destination. From the double confusion there was considerable delay before the miller received his flour sacks. Shortly after the miller received his sacks, he received a bill for the same for $86. He claimed that by reason of not receiving his sacks, he had lost a United States government contract worth $800. The miller claimed that the "jobbers" who furnished him the sacks owed him a balance of $714. This cause never came to the supreme court. For a good commentary on the maxim, *Causa proxima et non remota spectatus,* see Field, Damages, sec. 10; *Johnson v. Mathews,* 5 Kan., 118; *Pollock v. Gantt,* 69 Ala., 373.

*Municipal Corporation.*—A city is not liable for the negligence of its

officers or agents in executing sanitary regulations, adopted for the purpose of preventing the spread of contagious disease, or in taking the care and custody of persons afflicted with such disease, or of the house in which such persons are kept. In executing these legislative functions the city acts as a *quasi*-sovereignty, and is not responsible to individuals for the negligence or nonfeasance of its officers or agents. *Ogg v. City of Lansing*, 35 Ia., 495.—W. F. B.