## Ogg v. The City of Lansing.

1. **Municipal corporation:** LIABILITY FOR NEGLIGENCE OF AGENTS. A city is not liable for the negligence of its officers or agents in executing sanitary regulations, adopted for the purpose of preventing the spread of contagious disease, or in taking the care and custody of persons afflicted with such disease, or the houses in which such persons are kept.

2. —— In executing these legislative functions the city acts as a quasi sovereignty, and is not responsible to individuals for the negligence or nonfeasance of its officers or agents.

*Appeal from Alamakee District Court.*

MONDAY, DECEMBER 18.

THE petition alleges in substance that the defendant is an incorporated city, and that in November, 1871, a man by the name of Lees was sick with the small-pox in said city; that defendant took Lees and the house in which he was confined with said disease under its charge and control, but neglected to take proper and ordinary precautions to prevent the spread of the disease; that said Lees died of said disease during the month of December, and the agents and employees of defendant requested and directed plaintiff, who was passing the house in which Lees died, to assist in taking the coffin in which the corpse of Lees was deposited, from the house, without giving him any notice of the nature of the disease with which Lees died, and without having cleaned the house or used disin-

fectants or taken any precautions to prevent the spread of the disease; that the plaintiff, having no notice that the small-pox was prevailing in the city, assisted as he was requested, and soon went to his own house and communicated the disease to two of his children, who died thereof in January, 1872. Judgment is asked for $25,000.

To the petition the defendant filed the following demurrer.

" 1st. Defendant is not responsible for the misfeasances, wrongs, or negligence of its officers or agents employed in the public service in enforcing or executing orders or regulations for the prevention of the spread of contagious diseases, or in the care and custody of persons afflicted with such diseases, or in taking charge of houses in which persons afflicted with such diseases are located."

" 2. The damages alleged are not the direct and necessary result of the wrongful acts complained of, but remote and contingent, which defendant is not responsible for."

The court sustained this demurrer. Plaintiff appeals.

*Edmonds & Healy* for the appellant.

*L. E. Fellows* for the appellee.

DAY, J. — Appellant claims that the city is liable for the injuries complained of under the provisions of sections 1057 and 1096 of the Revision, and chapter 107, Laws of 1866.

Section 1096 of the Revision confers upon municipal corporations power to prevent injury or annoyance within their limits from any thing dangerous, offensive or unhealthy; to abate nuisances; to regulate the transportation and keeping of gunpowder; to prevent and punish immoderate riding or driving in the streets; to prevent riots; to suppress and restrain disorderly houses, etc.

Section 1057 of the Revision confers upon the city council power to establish a board of health, to invest it with such powers, and impose upon it such duties as shall be necessary to secure the city and the inhabitants thereof from the evils and calamities of contagious and malignant diseases, etc. The same section confers power to establish a city watch or police; and to prescribe its duties and define its powers in such manner as will most effectually preserve the peace of the city, secure the inhabitants from personal violence, and their property from fire and unlawful depredations; to establish and organize fire companies, and provide them with proper engines, etc. Chapter 107 of the Laws of 1866 constitutes the mayor and council of any incorporated town or city, and the trustees of any township not incorporated, a board of health, and confers upon them certain powers. Section 8 of said act is as follows:

" The board shall have power to make regulations in relation to cleansing the streets, alleys and drains of the city or town, in relation to communication with houses where there is any contagious or infectious disease, to establish pest-houses or hospitals, and when deemed expedient and necessary to prevent the spread of any contagious disease, to remove to said pest-house or hospital any person sick with the Asiatic or malignant cholera, or other malignant or infectious disease. To prohibit or prevent all communication or intercourse by and with all houses, tenements and places, and the persons occupying the same in which there shall be any person sick with any contagious, malignant or infectious disease.

" To employ all such persons as shall be necessary to carry into effect the regulations adopted and published according to the powers vested in the board by this act, and to fix their compensation, to employ physicians in case of poverty, and to take such general precautions and actions as it may deem necessary for the public health."

Appellant concedes that he is unable to cite any case of recovery upon a state of facts similar to those presented in this case. Whilst this is not conclusive against the plaintiff's right of recovery, yet it is an argument against it which is entitled to some consideration. Against the making of a particular precedent it is often a good argument or strong circumstance, and sometimes a sufficent objection, that the demand, action or proceeding is a novelty. Ram's Legal Judgment, 275, and cases cited.

Whilst it is not likely that a case in all respects like the one at bar should occur, yet it is probable that cases similar in their substantial features, and involving the same principles, have occurred frequently; and the fact that no case of recovery under like circumstances can be found, may well be taken to intimate a general impression of the professional mind, against the right to maintain such action. The case being *primae impressionis*, it is proper that we should consider the consequences of the decision which we are about to announce. Upon this subject, Lord ELDON, determining a case in the court of chancery, said: "There is one consideration of which this court should never lose sight in every decision which it makes, viz., what is to be the effect of its determination, not in the existing case alone, but upon subsequent similar cases; that a decision founded on misapprehension may not be applied as a principle to cases of the same class which may hereafter arise." Ram's Legal Judgment, 395, and cases cited.

The consequences of the doctrine contended for by appellant would be startling and alarming. The sections of the laws referred to by him authorize a city, in the same language that the powers are conferred, which were exercised in this case, to maintain a police, organize fire companies, and employ a physician for the poor. The principle which would hold the defendant liable for the negligent acts here complained of, would compel a city to respond in damages for the neglect of its police to sup-

press a riot, the failure of its firemen to arrest a conflagration, and the negligence of its physician in prescribing for a patient.

It is impossible to conceive of the endless complications and embarrassments which such a doctrine would involve, and of the extent to which the public interests would thereby suffer. It is safe to assume that if such were recognized as the law, no town would voluntarily assume corporate functions, and that every industrial and commercial interest would become paralyzed.

The true doctrine is that the powers conferred in the sections we have been considering are of a legislative and governmental nature, for a defective execution of which the city cannot be held liable. In discharging these legislative functions the city acts as a quasi sovereignty, and is not responsible to individuals for a neglect or nonfeasance of its officers or agents. *Wheeler* v. *City of Cincinnati*, 19 Ohio St. 19; *Bunkmeyer* v. *The City of Evansville*, 29 Ind. 187; *Western College of Medicine* v. *City of Cleveland*, 12 Ohio St. 375.

A consideration of the remaining ground of demurrer is rendered unnecessary.

Affirmed.