HOLBERT v. THE ST. L., K. C. & N. R'Y Co.

1. **Pleading:** DEMURRER. A demurrer to an entire pleading should be overruled if the pleading states a defense to the action, although one or more counts are vulnerable to demurrer.

2. **Railroads:** RIGHT OF WAY: INJUNCTION. Where the donee of a right of way had consented to the use of the same by another railroad company; *held*, that this constituted a good defense to an application by the donor for an injunction to restrain defendant from the use and occupation of the right of way.

*Appeal from Davis District Court.*

THURSDAY, JUNE 4.

THIS suit is brought to restrain and enjoin the defendant from running and operating its railroad through and over the lands of the plaintiff, which he alleges the defendant is doing without having made any compensation for the right to do so. The defendant filed an answer to which plaintiff demurred, which the court overruled, and plaintiff appeals.

*Weaver & Payne* and *Amos Steckle*, for appellant.

*Trimble & Carruthers*, for appellee.

MILLER, CH. J.—The only error assigned is the overruling of plaintiff's demurrer to the answer of defendant. The demurrer is to the entire pleading as a whole. In our opinion the demurrer was properly overruled. When an entire pleading is thus attacked by demurrer, it

1. PLEADING: demurrer.

should be overruled if it contains a defense to the action, although some one or more counts therein is vulnerable to a demurrer. *Darr v. Lilley*, 11 Iowa, 4; *Sample v. Griffith*, 5 Id., 376; *Zapple v. Rush*, 23 Id., 99; *Hendershott v. Ping*, 24 Id., 134.

The answer before us alleges that the plaintiff had given his consent to have the St. Louis & Cedar Rapids Railway Com-

2. RAILROADS. pany enter upon his lands and construct their road
right of way:
injunction. thereon; that plaintiff made an agreement with said railroad company to give the right of way over said land and that said road was constructed over said land pursuant to said agreement, and that the defendant is using said road at the sufferance, and with the consent, of said St. Louis & Cedar Rapids Railroad Company. If these alleged facts are true, (and the demurrer admits them to be true), then the plaintiff has no right to an injunction to enjoin the defendant from operating the road over his land. These facts pleaded in the answer, constitute a good defense to the plaintiff's action, although the answer may contain allegations which are immaterial, and do not of themselves state a defense.

The judgment of the court below must be

AFFIRMED.