THE CITY OF WATERLOO v. THE UNION MILL CO.

| | |
|---|---|
| 72 | 437 |
| 79 | 208 |
| 72 | 437 |
| 80 | 88 |
| 72 | 437 |
| f92 | 189 |
| 72 | 437 |
| 95 | 199 |
| 72 | 437 |
| 103 | 2 |
| 72 | 437 |
| 106 | 389 |
| 72 | 437 |
| 109 | 250 |
| f109 | 482 |
| 72 | 437 |
| 116 | 193 |
| 116 | 409 |
| 117 | 683 |
| 72 | 437 |
| 119 | 359 |
| 119 | 638 |
| 72 | 437 |
| 122 | 693 |
| 72 | 437 |
| 127 | 660 |
| 72 | 437 |
| 131 | 215 |
| 72 | 437 |
| 134 | 435 |
| 72 | 437 |
| 138 | 431 |

1. **Cities and Towns:** HOW AFFECTED BY STATUTE OF LIMITATIONS: CONTROL OF STREETS. The statute of limitations will run against a city in cases wherein arise questions involving property or contracts which do not pertain to the authority of the state which is exercised through it, but against the exercise of such authority the statute will not run. (See opinion for citation of authorities.) Accordingly, *held* that the plaintiff city was not barred of its right to have abated as a nuisance a mill race which encroached upon one of its streets, on the ground that it had for twenty years permitted the encroachment to exist.

2. ———: DEDICATION OF STREET: ACCEPTANCE: PUBLIC USE. Acceptance of a street by a city, after its dedication, is necessary in order to establish the right of the public thereto; but such acceptance may be shown by public use to such extent as the public wants require, even though that use be so limited as not to call for any improvement of the street. (See opinion for cases cited.)

3. ———: OBSTRUCTION OF STREET: DELAY IN REMOVING: ESTOPPEL. Where a street has been dedicated to a city, and accepted by public use, the use of it by a private party, under a baseless claim of right, for the

construction of a mill-race, does not, though continued without protest for ten years, estop the city from the exercise of its power to open the street for travel, and from having the nuisance caused by the race abated. (*Davis v. Huebner*, 45 Iowa, 574, and *Bell v. City of Burlington*, 68 Id., 296, distinguished.)

*Appeal from Black Hawk Circuit Court.*

FRIDAY, OCTOBER 7.

ACTION in chancery to abate a nuisance caused by the construction of a mill-race in a street of the plaintiff. There was a decree for plaintiff, granting the relief prayed for. Defendant appeals.

*Boies, Husted & Boies*, for appellant.

*Mullan & Hoff*, for appellee.

BECK, J. —I. The defendant owns and operates a mill in the city of Waterloo. The race supplying the water used as motor-power for the mill was constructed about twenty years ago, and occupies a part of Cedar street. At the westerly end of the street the race occupies nearly its whole width; but, running at an acute angle with the line of the street, the race leaves it about one hundred feet from its westerly end, thus occupying a part of the street in an angular form. The race being uncovered at the place, the street there cannot be used by the public. The plaintiff, in its petition, alleges that the race, so far as it occupies Cedar street, is a nuisance, and prays that defendant be, by a proper decree, required to abate it, either by removing the race, or by covering it in such manner that it shall not interfere with the use of the street. The defendant, as defenses, pleads (1) that the action is barred by the statute of limitations; (2) that Cedar street as platted was never accepted, occupied, used or improved, and it therefore never became a public street; and (3) that, after its dedication by platting, defendant's grantor entered upon and constructed the race under a color of title and right, and made other valuable improve-

ments,—all of which was well known to defendant and the public, and was without any objection or claim against the right of defendant's grantor so to do. The decree requires the defendant to construct and maintain a bridge over the race in Cedar street, and to remove all obstructions therefrom, so that it may be fully opened for the use of the public.

II.   In our opinion, the right of the plaintiff and of the public to the use and occupancy of the street is not barred by the statute of limitations. The city is invested by the legislature with governmental powers, and holds the fee of the street, or an easement thereon, in trust for the public.   *Ogg v. City of Lansing*, 35 Iowa, 495; *Calwell v. City of Boone*, 51 Id., 687; *City of Clinton v. Cedar Rapids & M. R. R'y Co.*, 24 Id., 455.   The city is but an instrument for the exercise of the authority of the state, and its municipal powers in establishing and maintaining a street are exercised in the discharge of governmental functions.   The statute of limitations, therefore, will not run to defeat the exercise of its governmental authority.   In cases wherein arise questions involving property or contracts which do not pertain to the exercise of their authority, the statute will run.   *Davis v. Huebner*, 45 Iowa, 574; *City of Burlington v. Burlington & M. R. R'y Co.*, 41 Id., 134; *City of Pella v. Scholte*, 24 Id., 283; Dill. Mun. Corp., § 675, and cases cited in notes; *City of Alton v. Illinois Transportation Co.*, 12 Ill., 38; *Supervisors of Logan Co. v. City of Lincoln*, 81 Ill., 156; *County of Piatt v. Goodell*, 97 Ill., 84; *City of Vicksburg v. Marshall*, 59 Miss., 563; *Brooks v. Riding*, 46 Ind., 15; *Sims v. City of Frankfort*, 79 Ind., 446.

III.   It is insisted by defendant's counsel that the street in question, after its dedication by the proprietors of the land, was never accepted by the city or the public, and therefore never became a street in contemplation of the law.   Acceptance of a street after dedication is necessary, in order to establish the right of the public

thereto. It may be shown by public use. *Manderschid v. City of Dubuque*, 29 Iowa, 73; *Bell v. City of Burlington*, 68 Id., 296. The defendant maintains that the evidence fails to show acceptance of the street involved in this suit. We think it is shown. From the day of its dedication until its use was interrupted by the construction of the race, it was used as the public wants demanded. It was understood to be a street, and, though it was often partly obstructed, it was used especially by persons having business at the mills near it. The lots, or many of them, abutting upon the street, were unoccupied, and the people were free to travel over them, but there was always a traveled track upon the street. No work was done to improve the street; but the public wants, it appears, did not demand it. The dedication contemplated that the street should be used and improved as required by the public wants. See *Shea v. City of Ottumwa*, 67 Iowa, 39.

IV. Counsel for defendant insist that, as defendant's grantor entered upon the street more than ten years before

3. ——: obstruction of street: delay in removing: estoppel.

this action was commenced, under a claim of right, and constructed the race, the city and the public are now estopped to set up a claim to the use of the street. As we have seen, the street had been used as the public wants required, and thereby it had been accepted as dedicated. It was at the time a public street, and defendant now claims that the city and the public are estopped to deny its right to continue the obstruction. We think no estoppel arises in the case. Had the city or the public, were that possible, induced or encouraged the defendant's grantor to construct the race, this would constitute an element of estoppel. But the race was constructed without right, though under claim of right, and in reliance thereon. The claim of right fails. The city, representing the public, has lost no right by delay in bringing this action to restore the street to the public use. As we have seen, defendant cannot interpose the statute of limitations; and, surely, delay

in pursuing a remedy against it does not estop the city. In support of their position, counsel rely upon *Davis v. Huebner*, and *Bell v. City of Burlington*, *supra*. In these cases the public had never accepted the highways in question, and consequently the dedication thereof failed for want of acceptance. It was held in each case that, after an occupation of the highway for thirty years or more by the owner of adjacent land, the public is estopped to set up a claim thereto. The decisions may well be supported upon the further reason that, as there was no acceptance, there was no highway, as claimed, against the occupants of the lands.

These considerations lead us to the conclusion that the case was rightly decided by the circuit court.

AFFIRMED.