## M. O. LITTLE *et al. vs.* JUDSON W. LEE.

Submitted on briefs April 21, 1893. Reversed June 16, 1893.

**Burden of Proof.**

Where a complaint shows that a contract or obligation is joint, and also sets up facts showing that the liability thereon had been assumed by one of the obligees or debtors, and he is accordingly sued alone, the defendant may raise an issue upon such allegations of fact in his answer, and the burden will thereupon be cast upon the plaintiff to establish them upon the trial, and, if he fails so to do, he will not be entitled to recover upon the joint obligation against the party so named as sole defendant.

Appeal by defendant, Judson W. Lee, from a judgment of the Municipal Court of the City of Minneapolis, *Chas. B. Elliott*, J., entered December 5, 1892.

The plaintiffs, M. O. Little and Alexander H. Nunn, were partners in business practicing law at Minneapolis, and had been employed as such by Judson W. Lee and E. W. Backus, co-partners, and had acted for them as their attorneys in several actions and matters in which they were interested. On April 19, 1892, the attorneys had a settlement with their clients, and a balance of $450, was found due the attorneys. The clients soon after paid the attorneys $200

upon the account. The attorneys brought this action against Lee only to recover the balance. They alleged in their complaint that Lee had agreed with Backus to pay this balance himself, and had so stated to them. The defendant denied this agreement, and alleged payment. On the trial no proof was made of such agreement. To prove payment, defendant offered in evidence the stub of a check drawn by him, payable to plaintiffs, and testified that the check had been destroyed. On objection being made, the stub was excluded, and defendant excepted to the ruling. The plaintiffs had judgment for the amount, and defendant appeals.

*Forrest & Wolfe*, for appellant.

The plaintiffs cannot recover in this action against this defendant alone, because the account stated and sued upon is a joint liability, being against this defendant and E. W. Backus. There was no necessity for the defendant to plead the nonjoinder of Backus as a party defendant, because from the plaintiffs' own showing, the joint nature of the account fully appeared. Plaintiffs attempted to make defendant liable for the whole debt by virtue of an after agreement that he would pay it all. That agreement was not proven. The agreement, if proven, would fall within the statute of frauds, and could not be enforced, because it would be an oral assumption of the debt of another. Having alleged Lee's individual liability, plaintiffs must prove it. The material fact of the defendant's sole liability is not found by the court, and clearly on account of the total absence of evidence to sustain such a finding. The defendant, after proving the destruction of the check sent plaintiffs May 16, 1892, offered in evidence the stub of that check remaining in his check book, or, as defendant calls it, the duplicate of the check sent. This evidence was ruled out by the court on plaintiffs' objection. It was clearly pertinent. It was secondary evidence in the nature of a memorandum made at the time of the transaction. It had some probative force and weight. We think its exclusion was error.

*Little & Nunn*, for respondents.

The stub of check was not admissible for several reasons. It showed on its face that it had been changed and altered. It was a mere memorandum not shown to have been made by Lee, or when,

or by whom, it was made. There was no foundation laid for the admission of such evidence. Defendant, having destroyed the original, could not introduce this stub, which was not even a copy, to bolster up his testimony as to payment.

The defendant waived any question of nonjoinder of parties, and cannot now raise that objection. If the defect appeared on the face of the complaint, it could be raised only by demurrer. If the defect did not appear on the face of the complaint, the objection should have been taken by answer. It must be set up distinctly as a defense, and must show wherein the defect consists, and who should have been joined as parties. If not so taken, it was waived. 1878 G. S. ch. 66, § 95; *Davis* v. *Chouteau,* 32 Minn. 548; *Sandwich Mfg. Co.,* v. *Herriott,* 37 Minn. 214; Pom. Remedies, § 287.

VANDERBURGH, J. This action is brought to recover a balance due upon an account stated, for professional services, alleged to have been performed for the defendant and one Backus, who were therefore jointly liable therefor.

But the complaint further shows that Backus had paid over to defendant his half of the claim for the use and benefit of the plaintiffs, "and upon the agreement and understanding between said Lee and Backus and that said Lee should pay the amount to plaintiffs." The complaint presents on its face the excuse for the nonjoinder of Lee. These allegations are put in issue by the general denial in the answer, which also affirms that the account was stated and agreed on between plaintiffs and defendant and Backus as copartners, and not otherwise. We do not think it was necessary for the defendant to allege formally the nonjoinder of Backus, because the plaintiffs, under the allegations in the complaint, in order to recover against Lee severally, were bound to prove the facts essential to establish a several liability against defendant, Lee, and Backus was thereby shown to be a necessary party, unless the allegations excusing the nonjoinder were proven. But this issue is not covered by the findings of the court.

The court simply finds the joint obligation of Backus and defendant to the plaintiffs, and the balance due thereon.

Under the pleadings, this does not warrant the several judgment ordered against the defendant, Lee.

v.53m.—33

The stub of the lost check testified to by defendant was not evi-
dence of the contents of the check. It does not appear when the en-
try upon the stub was made, or by whom, and upon the question of
veracity between defendant and plaintiffs' witness Nunn its correct-
ness and effect as evidence must still rest upon the parol evidence
of defendant, identifying it and its contents, so that it did not tend
to strengthen his testimony. It was properly ruled out.

Judgment reversed, and new trial ordered.

(Opinion published 55 N. W. Rep. 737.)

