CITY OF CHASKA *vs.* JOHN HEDMAN *et al.*

Argued by appellant, submitted on brief by respondent, June 3, 1893.   Affirmed June 21, 1893.

**Recovery of Money Unlawfully Paid by a Municipal Corporation.**
    Where the officers of a municipal corporation pay out its money upon a contract which the corporation has no power to make, the payment is not an act of the corporation, and it may recover the money paid.

Appeal by defendant John Hedman, from a judgment of the District Court of Carver County, *Francis Cadwell*, J., entered December 9, 1892, against him and John M. Carlson for $4,710.28.

The plaintiff, the City of Chaska, is a Municipal Corporation, having a Common Council.   On December 14, 1891, the City Council paid to the defendants, John Hedman and John M. Carlson, $4,500 as a bonus to induce them to engage in the business of manufacturing boots and shoes in that city.   In consideration thereof they constructed a building, put in machinery, and carried on the business as contemplated by the parties.   On July 1, 1892, the City brought this action to recover the money.   The facts were stated in the complaint, and were not denied by the answer.   The defendant Carlson resided in California, and was not served.   The defendant Hedman moved the court to change the place of trial to Ramsey County, claiming that he resided in St. Paul.   This motion was denied.   When the action came to trial the plaintiff moved for judgment on the pleadings and it was granted, the court saying:

"Such payment by the officers of the City was unauthorized and wrongful on their part; all of which the defendants were bound under the law to know, and although the City might bring an action against the officers of the City so misappropriating its funds, still that is not its only remedy.   In addition to such remedy the plaintiff can maintain an action against the parties so receiving money misappropriated by its officers.   The officers of the City are the agents thereof, and possess such powers and authority as the charter grants them and no more; and all persons dealing with the city officers are bound to know the extent of their authority, and they deal

with them at their peril. *Loan Association* v. *Topeka*, 20 Wall. 655; *Borough of Henderson* v. *County of Sibley*, 28 Minn. 515; *Village of Glencoe* v. *County of McLeod*, 40 Minn. 44; *United States* v. *State Bank*, 96 U. S. 30; *Coates* v. *Campbell*, 37 Minn. 498."

*Bion A. Dodge* and *Henry C. James*, for appellant.

As between individuals and private corporations money paid under mistake of the law cannot be recovered. This court has so held in *De Graff* v. *County of Ramsey*, 46 Minn. 319; and *Erkens* v. *Nicolin*, 39 Minn. 461. The plaintiff voluntarily paid the sum of forty-five hundred dollars to defendants upon a contract which is now claimed to be unauthorized by law. There was no mistake of fact, or fraud, or concealment by either party. The question is, whether or not this municipal corporation is under these circumstances excepted from this rule. On this question defendant cites the following: *Board of Com'rs of Macon County* v. *Board of Com'rs of Jackson County*, 75 N. C. 240; *Commissioners of Catawba County* v. *Setzer*, 70 N. C. 426; *Badeau* v. *United States*, 130 U. S. 439; *County of Wayne* v. *Randall*, 43 Mich. 137; *Advertiser & T. Co.* v. *Detroit*, 43 Mich. 116; *Supervisors of Onondaga* v. *Briggs*, 2 Denio, 26; *Snelson* v. *State*, 16 Ind. 29; *Painter* v. *Polk County*, 81 Iowa, 242.

We further suggest that the plaintiff is estopped. A corporation cannot avail itself of the defense of *ultra vires* when the contract has been in good faith fully performed by the other party, and the corporation has had the full benefit of the performance. *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62.

*W. C. Odell*, for respondent.

The City Council had no authority to make the contract with defendants, or to appropriate or pay money under it. *State* v. *Foley*, 30 Minn. 350; *Coates* v. *Campbell*, 37 Minn. 498.

The funds of the City were without authority of law paid to defendants, who were bound to know that the Council had no authority to so pay the same. The City can recover the money thus paid. *Borough of Henderson* v. *County of Sibley*, 28 Minn. 515; *Village of Glencoe* v. *County of McLeod*, 40 Minn. 44; *Loan Association* v. *To-*

*peka*, 20 Wall. 655; *United States* v. *State Bank*, 96 U. S. 30; 1 Am. & Eng. Encyc. 427; Mechem, Agency, 778–783.

GILFILLAN, C. J. This is an action to recover money which belonged to plaintiff, and which its city council paid or caused to be paid to defendants upon a contract between said council and them, according to the terms of which it was agreed that they should establish and operate for a specified period a shoe factory in the city of Chaska, and in consideration thereof the city should pay them the sum of $5,000. It is conceded that the contract was invalid; that it was beyond the power of the corporation, and, *a fortiori*, of any officer of the corporation, to make such a contract. It would be hard to conceive anything more foreign to the purposes of a municipal corporation than contracts which provide for the appriation of public moneys to be derived from taxation to the private uses of individuals.

But it is claimed that, conceding all this, the plaintiff cannot recover the money paid on the contract, because the payment was voluntarily made, and with full knowledge of all the facts. As a general rule, when an individual or private corporation pays money voluntarily with full knowledge of the facts, and without fraud or mistake, it cannot be recovered back, though there was no obligation to pay. To give such effect to the payment, however, it must be the act of the individual or corporation; and in this case the payment was not the act of the corporation. It had no authority to make it; no one of its officers, nor all of them together, had authority to make it. The case stands in law as it would had some person, not connected with the city government, taken the money from its treasury, and paid it to defendants. It may be different in a case where the payment is for a legitimate purpose, within the power conferred on the municipal corporation, and is made by an officer, or upon the direction of an officer, who has authority to determine whether some condition precedent to the authority of the paying officer to pay has been complied with. As the corporation had no authority to pay the money, the payment was not a corporate act, and consequently there is no basis for the doctrine of voluntary payment.

On the motion to change the venue to Ramsey county the affidavits as to the defendant Hedman's residence, whether in the county

of Carver or Ramsey, were conflicting, with little preponderance either way, and the finding of the court below on the fact is conclusive.

Judgment affirmed.

VANDERBURGH, J., took no part in the case.

(Opinion published 55 N. W. Rep. 737.)