JAMES W. GRIFFIN *vs*. CITY OF SHAKOPEE.

Argued June 3, 1893.    Affirmed June 21, 1893.

*City of Chaska* v. *Hedman, ante,* p. 525, followed.

Appeal by plaintiff, James W. Griffin, from an order of the District Court of Scott County, *Francis Cadwell, J.,* made February 13, 1893, denying his motion for a new trial.

The Russ-Jones Desk Company, a corporation, on October 27, 1891, agreed with the officers of the City of Shakopee to remove its plant to that place, and establish and operate its factory there, and the city agreed to give it a bonus of $6,000. The Desk Company performed the contract on its part. On December 3, 1891, the City gave the Desk Company $3,000 in city bonds, and its check for $3,000 more upon the First National Bank of Shakopee, where the City had the money on deposit. This check was on December 5, 1891, presented for payment, but was not paid. The bank's officers doubted the legality of the contract, and feared to pay. The Russ-Jones Desk Company then commenced this action against the Bank to recover the $3,000. The Bank obtained an order bringing in the City of Shakopee as codefendant. The Desk Company became insolvent, and James W. Griffin was appointed receiver of its property, and was substituted as plaintiff in the action. The issues were tried July 14, 1892. Findings were made and judgment ordered for defendants. The plaintiff moved for a new trial. Being denied, he appeals.

*Chas. J. Robertson* and *George F. Edwards,* for appellant.

*James McHale* and *Southworth & Coller,* for respondent.

GILFILLAN, C. J. Taking this case in the most favorable aspect for plaintiff,—that is, as an effort by the defendant to recover back money paid,—it is like that of *City of Chaska* v. *Hedman, ante,* p. 525, (55 N. W. Rep. 737,) in which we held that it was not a case for the doctrine applicable to voluntary payments. The decision upon that point renders unnecessary the consideration of the other assignments of error.

Order affirmed.

(Opinion published 55 N. W. Rep. 738.)