CHARLES F. GREY *et al.*

*v.*

THE PEOPLE *ex rel.* S. B. Raymond, County Treasurer.

*Opinion filed February 21, 1902.*

1. SPECIAL ASSESSMENTS—*when existence of union labor ordinance does not invalidate assessment.* The existence of a general ordinance requiring bidders on public work to employ union labor, only, is not ground for refusing judgment of sale, where it is not shown that the improvement ordinance, the bid or the contract contained a union labor clause, or that the union labor ordinance was applied or enforced in any manner in the contract or in the proceeding.

2. SAME—*Supreme Court will not presume that void general ordinance was enforced.* If an assessment ordinance is complete in itself and contains no reference to a void general ordinance requiring bidders on public work to employ union labor, only, it will be presumed, in the absence of proof to the contrary, that the municipal authorities treated the general ordinance as void and did not apply it to the particular proceeding.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

GEORGE W. WILBUR, for appellants.

EDGAR BRONSON TOLMAN, (CHARLES M. WALKER, Corporation Counsel, ROBERT REDFIELD, and WILLIAM M. PINDELL, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment for a delinquent special assessment and an order of sale of the property assessed.

The only objection filed below and insisted on here was and is, that prior to the passage of the ordinance providing for the improvement and levying the assessment the city council had passed an ordinance requiring that all bids for public work in Chicago should contain a clause binding the bidder to hire only such persons in the performance of the work as are members of labor unions. This ordinance was offered in evidence but was

excluded by the court. The point made by counsel is, that this ordinance was unconstitutional and void, and has been so held by this court in *Holden* v. *City of Alton*, 179 Ill. 318, *Adams* v. *Brenan*, 177 id. 194, and *Fiske* v. *People*, 188 id. 206, and that it rendered all contracts under it for public improvements void and the assessments to pay for such improvements uncollectible.

The question raised and discussed by counsel does not arise on this record. It was not claimed or shown that the ordinance providing for the improvement for which this assessment was levied, or the bid, or the contract, contained any similar clause or provision, or any restriction whatever as to the kind of labor to be employed. Nor was it shown or offered to be shown that the so-called union labor ordinance was applied or enforced in any manner in the contract or the proceeding for the making of the improvement in question. We are therefore at a loss to understand what bearing the union labor ordinance, or its invalidity, has on the validity of the improvement ordinance or the proceedings thereunder, or how its exclusion from the evidence constitutes error. In the absence of proof we cannot presume that such void ordinance was enforced in the proceedings under the improvement ordinance. The latter made no reference to the former, and was full and complete without it. As we understand appellants' counsel, the contention is that said void ordinance was in full force and effect at the time, and it should be presumed that it entered into and was enforced in the letting of the contract and levying the assessment. No such presumption arises. Inasmuch as the ordinance was void, in the absence of proof to the contrary it will be presumed that it was so treated by the municipal authorities and was not applied to the improvement and assessment in question. Error upon which to reverse must appear from the record. None appears in this case, and the judgment must be affirmed.                *Judgment affirmed.*