G. S. ROBINSON, Treasurer of Pocahantas County, Appellant, v. C. A. GRANT & SON, C. A. GRANT AND JOHN GRANT.

119   573
f142   121

Taxation: PLEADINGS: DEMURRER MUST SPECIFY DEFECTS. In a law action a demurrer to a petition must specifically point out the defects complained of or it will be disregarded.

Same: DEMURRER: SUFFICIENCY OF PETITION. Where the property is such as is required to be listed in the township where the owner lives, under Code section 1313, and the petition alleges the township of defendants' residence, that they knew it should have been listed and neglected to do so, a demurrer that the petition is insufficient in failing to locate the property in the proper taxing district is untenable.

*Appeal from Pocahontas District Court.*—HON. W. B. QUARTON, Judge.

TUESDAY, FEBRUARY, 10, 1903.

THE plaintiff alleged, in the first count of the petition, that, as treasurer of the county, "he is informed and duly apprised, and therefore believes: That the defendants on January 1, 1895, had certain personal property, consisting of moneys and credits, which they willfully and fraudulently failed, neglected, and refused to list and return to the assessors of the town of Rolfe, Pocahontas county, Iowa, where they resided, and the said property, as herein described, was fraudulently withheld by said defendants; said property consisting of moneys and credits as follows: Cash in bank or under the immediate control of the defendants, or subject to his check or order, in the amount of $2,000; notes, mortgages, city, town, and county warrants, bonds, partnership stock and notes, choses in action, book accounts, duebills, and other credits of a like character, in the amount of $5,000. That during said year of

1895, and on said January 1, 1895, the defendants knew that all of the above property was subject to taxation, and should have been by them duly listed for the said assessor, but that they fraudulently and willfully neglected so to do." The giving of notice, entry on the tax lists, and the amount of the tax are also stated. There was an additional count for each of the four years following, and a prayer for recovery of taxes, interest, and penalty. To these several counts the defendants demurred, and the demurrer, save in one respect, was sustained. Plaintiff elected to stand on the ruling, and the petition was dismissed. He appeals.—*Reversed.*

*William Hazlett, Healy Bros. & Kelleher* and *A. N. Botsford* for appellant.

*Carr & Parker* and *S. H. Kerr* for appellees.

LADD, J.—The ruling on the demurrer, in so far as it questioned the constitutionality of section 1374 of the Code, or held such section not to be retroactive, is conceded to have been contrary to the subsequent decisions of this court. *Galusha v. Wendt,* 114 Iowa, 597; *Lambe v. McCormick,* 116 Iowa, 169; *Bersheim v. Arnd,* 117 Iowa, 83; *Bell v. Stevens,* 116 Iowa, 451.

But appellee insists that the demurrer was properly sustained on other grounds, to wit: (1) The petition omitted to allege as a fact that defendants failed to list their property, and it is not identified; (2) or that it was located within the taxing district of the incorporated town of Rolfe; (3) or that it belonged to defendants jointly. The only statement in the demurrer which could be construed to include the first and last points is that the counts do not allege facts constituting a cause of action. As the action is at law, the defects in the petition must be specifically pointed out,

1. PLEADINGS: demurrer must specify defects.

and a general statement like the above will be disregarded. *Railroad Co. v. Birdsall*, 30 Iowa, 255; *Childs v. Limback*, 30 Iowa, 398; *Davidson v. Biggs*, 61 Iowa, 309.

The second ground, only, requires attention. The petition alleges that defendants resided in the town of Rolfe, knew the property should have been listed with the assessor of said town, and neglected to do so. Under section 1313 of the Code, property such as that mentioned is to be listed and assessed where the owners live, except under circumstances which do not appear in the petition. It follows that the grounds suggested as supporting the court's ruling are untenable.—REVERSED.

*2. SAME; sufficiency of petition.*