RAE L. DEAN, Treasurer, Appellant, v. ELIZABETH ATKINSON, Executrix, Appellee.

**PLEADING:** Demurrer—General and Nonspecific Demurrer. A demurrer to an answer in a law action, on the ground that the facts pleaded "do not entitle the defendant to the relief demanded," is fatally defective in definiteness, and should be overruled. (See Book of Anno., Vol. 1, Sec. 11142.)

**PLEADING:** Demurrer—Conclusions of Law or Fact. Conclusions of law or fact are not demurrable.

**PLEADING:** Demurrer—General Denial. A general denial is not demurrable. (See Book of Anno., Vol. 1, Sec. 11141, Anno. 22 *et seq.*)

**PLEADING:** General Denial—What Constitutes. A denial of knowledge or information sufficient to form a belief as to a signature constitutes a general denial of the genuineness of such signature.

APPEAL AND ERROR:   Harmless Error—Refusal to Strike Pleading.
5   An erroneous refusal to strike portions of an answer becomes quite inconsequential when it appears that plaintiff stood on a demurrer which admitted a complete defense to plaintiff's action.  (See Book of Anno., Vol. 1, Sec. 11548, Anno. 54 *et seq.*)

Headnote 1:   31 Cyc. p. 315.   Headnote 2:   31 Cyc. pp. 280, 281 (Anno.)   Headnote 3:   31 Cyc. p. 302.   Headnote 4:   31 Cyc. p. 198. Headnote 5:   4 C. J. pp. 939, 942 (Anno.)

*Appeal from Audubon District Court.*—W. C. RATCLIFF, Judge.

APRIL 6, 1926.

ACTION to establish a claim against an estate.   Plaintiff's demurrer to the answer of defendant was overruled, and plaintiff appeals.—*Affirmed.*

*L. Dee Mallonee* and *A. V. Proudfoot,* for appellant.

*Hughes, Taylor & O'Brien* and *J. A. Graham,* for appellee.

ALBERT, J.—Samuel Atkinson, a resident of Audubon County, Iowa, died testate on February 2, 1924.   On opening his estate, the claimant herein, treasurer of Simpson College, filed a claim consisting of a writing purporting to have been executed by the deceased on the 18th day of June, 1923, the material part of which is as follows:

"In consideration of my interest in Christian education I hereby pledge and will pay to the treasurer of Simpson College, Indianola, Iowa, the sum of ........three fourths of my estate ......dollars ($ ¾ of my estate) upon the following terms and conditions:   (1)   This pledge shall be due and payable at the time of my decease and shall be paid out of the proceeds of my estate."

This writing is witnessed by A. H. Roberts and D. E. McClain.

To this claim the executrix of the estate filed an answer in three divisions.   In the first division it is recited that:

"As to whether said Samuel Atkinson made and signed the paper upon which said claim of Rae L. Dean, treasurer of Simpson College, is based, this defendant has neither knowledge nor information sufficient to form a belief."

In this same division the executor says that said paper and instrument is testamentary in form, and was so intended by the deceased; that the will probated in this estate fully and wholly revokes said paper and instrument upon which appellant's claim is based; and that for that reason the instrument claimed on is void and of no effect. In the second division it is alleged, in substance, that said instrument was executed to a corporation engaged in educational and other kindred work at Indianola, Iowa, and that the deceased, having heirs, was without authority to devise or will a greater amount than 25 per cent of his estate to said institution, the said instrument being, in effect, a testamentary instrument. In the third division it is pleaded that the instrument sued on was indefinite and incomplete in substance and form, and is and was without consideration, was merely a testamentary paper, and was revoked by the will subsequently made.

Later, an amendment was filed to this answer by adding to it a fourth division, in which it is pleaded that the signature of Samuel Atkinson to said written instrument was secured by false and fraudulent representations, which are enumerated therein. At this point in the proceedings, a motion to strike certain parts of the original answer was filed by appellant, and on the same day separate demurrers were filed to the original answer and to the amendment to the answer. Following this, a second amendment to the answer was filed, amending Divisions 3 and 4 by elaborating more fully and setting out more in detail the alleged false and fraudulent representations. Apparently by agreement of the parties, the motion and demurrers were treated as standing to the petition with both amendments thereto, and we shall so treat them. On submission to the court, the motion and demurrers were overruled. The appellant stood on the rulings, refused to plead further, and judgment was entered accordingly.

These matters being taken in their inverse order, the demurrer to the first amendment to the answer raises the question that appellee's pleadings thus far filed do not allege (1) that the representations made were false; (2) that they were known to be false by the maker thereof; (3) that they were made with intent to defraud and deceive. After the filing of this

demurrer, and before the ruling thereon, all these matters were set out in detail in the second amendment to the answer.

A further part of this demurrer urges: (1) That it did not plead that the deceased was damaged by any alleged representation; (2) that facts are not pleaded which sustain the allegation of fraud; (3) that what is pleaded is merely a matter of opinion and conclusion of law. None of these grounds are available as a basis for demurrer.

We will next consider the first demurrer, the grounds of which are that: (1) The defendant has not denied under oath the genuineness of the signature to the written instrument. (2) Defendant has not pleaded such facts as would constitute a defense to plaintiff's claim, but pleads matters of opinion and conclusions of law, which matters of opinion and conclusions of law are not admitted by the filing of the demurrer. (3) Plaintiff specifically demurs to Divisions 1, 2, and 3 of the answer, and to each of them, as pleading no facts constituting a defense, or that would justify the relief asked, and alleges that in each and all of said divisions the pleader has stated conclusions of law and matters of opinion, and not facts constituting a defense. (4) Defendant's answer on its face does not state facts constituting a defense, nor such facts as entitle defendant to the relief asked.

With reference to the last three grounds of the demurrer to the amendment, and all of the first demurrer above referred to, appellee says that the same are general demurrers, and do not comply with the requirements of the statute governing de-murrers. Section 11141, Code of 1924, provides the grounds for demurrer under Iowa practice. Of these grounds we are interested in but one, the fifth, which reads:

"That the facts stated in the pleading attacked do not entitle the adverse party to the relief demanded."

A reference to the grounds for demurrer shows that the substance of each one of the grounds in the demurrers filed is, in effect, almost identical with the wording of the statute. If this were all the proposition involved, there would be little in appellant's contention. However, the succeeding section of the statute reads:

"It shall not be sufficient to state the grounds of demurrer in the foregoing terms."

It is, therefore, quite apparent that, in drawing these demurrers, the second provision of the statute was wholly ignored. The real purpose of the second provision is to require the party to specifically point out the defects and weaknesses in the pleading about which he complains. Failure to do this has been repeatedly held by this court to be sufficient reason for overruling a demurrer. *Overland S. C. Co. v. Clemens,* 189 Iowa 1293; *Slafter v. Concordia F. Ins. Co.,* 142 Iowa 116; *Robinson v. Grant & Son,* 119 Iowa 573; *Stokes v. Sprague,* 110 Iowa 89. A pleading which contains the statement of a conclusion, either of law or fact, is not a ground for demurrer. *Provident Bank Stock Co. v. Schafer,* 110 Iowa 440; *Thompson v. Cook,* 21 Iowa 472. None of the grounds of the first demurrer or the last three grounds of the second demurrer comply with this requirement of the statute. It is conclusive, therefore, under these rules, that the district court was warranted in overruling both of these demurrers.

1. PLEADING: demurrer: general and nonspecific demurrer.

2. PLEADING: demurrer: conclusions of law or fact.

Turning to the demurrers themselves, we find that the first ground of the first demurrer is bottomed on the thought that the signature of Atkinson is not denied under oath. Under our procedure, an administrator or executor is not required to deny the signature under oath, in order to raise an issue as to the validity of the signature. Section 11961, Code of 1924; *Smith v. King,* 88 Iowa 105; *In re Estate of Chismore,* 166 Iowa 217.

3. PLEADING: demurrer: general denial.

In the first division of the answer, the executrix alleges, among other things, that she has neither knowledge nor information sufficient to form a belief as to whether or not Samuel Atkinson made and signed the papers sued on. This amounts to a general denial, under Iowa statutes. Section 11114, Code of 1924; *Sample v. Griffith,* 5 Iowa 376; *McPhail & Co. v. Hyatt,* 29 Iowa 137. That a general denial is never the subject of a demurrer, see *Holbert v. St. L., K. C. & N. R. Co.,* 38 Iowa 315; *Johnson v. Tantlinger,* 31 Iowa 500; *Bonney v. Bonney,* 29 Iowa 448.

4. PLEADING: general denial: what constitutes.

The fourth division of the answer, aided by amendments,

sets out a detailed statement of facts constituting the alleged false and fraudulent representation. We cannot burden the record by setting it out in *haec verba*. The pleading does set out the fraudulent statements by which it is claimed the signature was secured, and says that the statements were false, and known to be false when made; that they were made with intent to deceive; and that Atkinson believed the same and relied on them and was deceived and injured thereby. This was a sufficient statement of a cause of action, as against the demurrer. We hold, therefore, that the court was warranted in its action in overruling these demurrers.

It is insisted, however, by appellant that the court also erred in overruling the motion to strike. If we assume, without deciding, that this complaint is legitimate, of what avail is it to the appellant? By demurrer to the fourth division of the answer, he admits a set of facts which constitute a complete defense, and, since he stood on that demurrer, we are confronted with exactly the same condition: that is to say, it is here admitted that the instrument was procured through false and fraudulent representations. This being so, there is no reason why the judgment entered in the lower court should not stand, against the appellant. *Wallace v. Council Bluffs Ins. Co.*, 66 Iowa 139. Hence the ruling on the motion becomes immaterial.—*Affirmed.*

5. APPEAL AND ERROR: harmless error: refusal to strike pleading.

EVANS, FAVILLE, VERMILION, and MORLING, JJ., concur.

DE GRAFF, C. J., not participating.