JAMES A. PERLEY et al., Appellants, v. FRED HEATH et al., Appellees.

**LIMITATION OF ACTIONS:** Public Rights—Nonperformance. Mandamus to compel the board of supervisors to erect a bridge on an established and existing highway at the point where the highway is crossed by a public drainage improvement is not barred by the lapse of time. (See Book of Anno., Vol. 1, Sec. 11007, Anno. 51 *et seq.*)

Headnote 1: 37 C. J. p. 713.

*Appeal from Harrison District Court.*—O. D. WHEELER, Judge.

.MAY 7, 1926.

ACTION in mandamus to compel the board of supervisors to erect a bridge at the point where a public road is crossed by a drainage ditch. The court held that the action was barred by the statute of limitations. From a judgment against the plaintiffs for costs, the plaintiffs appeal.—*Reversed.*

*L. W. Fallon,* for appellants.

*P. E. Roadifer,* for appellees.

VERMILION, J.—I. The action is by three resident taxpayers owning land abutting on, and in the vicinity of, a public road, to compel, by writ of mandamus, the defendants, the members of the board of supervisors of Harrison County, to construct a bridge at the point where the road is crossed by a drainage ditch.

The facts are not in dispute. The ditch was constructed, and no bridge has ever been erected where it intersects the highway. The ditch at the point in question is a hundred or more feet wide, and it is not disputed that, without a bridge, the road at that point is impassable. Less than a quarter of a mile west of the ditch the road crosses a main road running northwest and southeast, connects with another road leading north, and runs on farther west. Those living on or traveling the road east of the ditch can only reach this important junction of highways by traveling from one to three miles farther than would be necessary if the bridge were constructed. There is a schoolhouse near the crossroads, and pupils in the district and east of the ditch must travel this greater distance to school.

It is not seriously contended but that the plaintiffs would have been entitled to the relief asked, had their action been commenced within the statutory period of limitation. Section 1989-a19, Code Supplement of 1913 (Section 7539, Code of 1924), was construed in *Ruffcorn v. Chatburn*, 166 Iowa 611, as mandatory and imposing an affirmative duty on the board of supervisors to construct a bridge where a drainage ditch crosses a highway; and it was held that no discretion was lodged in the board in the matter, and that mandamus would lie, to compel the erection of the bridge. The case is in point and controlling here, and there is no occasion to repeat what is there said.

II. The defendants pleaded the statute of limitations, and the only question open to controversy is whether the action is barred.

The ditch was constructed in 1910, and this action was commenced in 1920. There is no dispute that frequent demands were made upon the board for the construction of the bridge, from 1912 to 1916. In 1915, the board adopted a resolution providing for the construction of the bridge. Again in 1919,

one of the appellants made demand for the bridge, and in 1920, the board definitely refused to build it.

While there is some conflict of authority as to whether general statutes of limitation are applicable to the action of mandamus, the question is not an open one in this state. We have applied the paragraph of Section 3447, Code of 1897 (Section 11007, Code of 1924), providing that actions against a public officer growing out of a liability incurred by the doing of an act in an official capacity or by the omission of an official duty must be brought within three years after the cause of action accrues, to an action of mandamus to compel official action affecting a private right. Thus, it was held in *Prescott v. Gonser*, 34 Iowa 175, that the right to compel the auditor to affix the seal of the county to county warrants was barred, and in *Beecher v. County of Clay*, 52 Iowa 140, that one who had paid illegal taxes could not, after three years, compel the board of supervisors to issue an order refunding the tax.

The right here sought to be enforced is a public right, created by statute,—the right to have a bridge constructed where a public highway is crossed by a drainage ditch. The action is, it is true, by private individuals, but the right is, nevertheless, a public one. No question is raised as to the right of the plaintiffs to maintain the action. The plaintiffs allege a personal interest in the construction of the bridge, by reason of their peculiar location; but their use of it would only be such as the general public would have a right to make. Their peculiar interest, save, possibly, as the owners of land abutting on the highway, differs only in degree, not in character, from that of the general public.

Where an action is brought for the sole benefit of the state, although not brought in its name, the defense of the statute of limitations cannot be made. *Wasteney v. Schott*, 58 Ohio St. 410 (51 N. E. 34); *Eastern State Hospital v. Graves' Com.*, 105 Va. 151 (52 S. E. 837, 3 L. R. A. [N. S.] 746). And the court will determine who the real party in interest is, by a reference not merely to the name in which the action is brought, but to the facts, as they appear in the record. *State ex rel. Goodman v. Halter*, 149 Ind. 297 (47 N. E. 665); *United States v. Beebe*, 127 U. S. 338 (32 L. Ed. 121); *Eastern State Hospital v. Graves'*

*Com.,* supra; *Horton v. Jones,* 110 Kan. 540 (204 Pac. 1001);
*State Land Board v. Lee,* 84 Ore. 431 (165 Pac. 372); *State v.
Henderson,* 40 Iowa 242.

It is well settled in this state that the statute of limitations
does not run against the right of the public in respect to a pub-
lic highway. *City of Pella v. Scholte,* 24 Iowa 283; *Davies v.
Huebner,* 45 Iowa 574; *Quinn v. Baage,* 138 Iowa 431; *McElroy
v. Hite,* 154 Iowa 453; *Christopherson v. Incorporated Town
of Forest City,* 178 Iowa 893. A municipality, in establishing
and maintaining streets, is in the discharge of a governmental
function, and the statute of limitations will not run to defeat
its exercise. *City of Waterloo v. Union Mill Co.,* 72 Iowa 437;
*Taraldson v. Incorporated Town of Lime Springs,* 92 Iowa 187;
*Bridges v. Incorporated Town of Grand View,* 158 Iowa 402.

An action instituted by the attorney-general in the name
of the state, to compel obedience to the law of the state com-
manding county officers to keep their offices at the county
seat, was held not barred by the statute of limitations, in *State
v. Stock,* 38 Kans. 154 (16 Pac. 106).

In *State ex rel. Arthurs v. Board of County Com.,* 44 Mont.
51 (118 Pac. 804), where the board of county commissioners had
delayed taking action required by law, beyond the time fixed
by the statute, the court said:

"This duty is absolute—one resulting from the office and
specifically enjoined by law. To say that the courts are help-
less to compel performance of such a duty, merely because the
time within which the duty should have been performed has
elapsed, is tantamount to holding that a public official, by de-
laying action until the time designated by law for action has
expired, may defeat the will of the people as expressed by the
legislature, and that there is not any redress for those who are
injured by such nonaction."

See, also, *McLean v. Llewelyn Iron Wks.,* 2 Cal. App. 346
(83 Pac. 1082); *People ex rel. Hull v. Taylor,* 257 Ill. 192
(100 N. E. 534).

It is held that proceedings in the nature of quo warranto
concerning a public right are not barred by the statute of limi-
tations. *Catlett v. People ex rel. State's Atty.,* 151 Ill. 16 (37
N. E. 855); *Grey v. People ex rel. Raymond,* 194 Ill. 486 (62

N. E. 894); *Eel River R. Co. v. State ex rel. Kistler,* 155 Ind. 433 (57 N. E. 388); *State v. Port of Tillamook,* 62 Ore. 332 (124 Pac. 637).

The failure to construct the bridge has, as said in *Ruffcorn v. Chatburn,* supra, had the effect, for all practical purposes of the use of the highway, of working its vacation at that point, by indirection, and contrary to the clear mandate of the law.  There has been no attempt by proper legal proceedings to vacate the highway, or to establish a new one for the convenience of those entitled to use it.  The duty of the board, under the statute, to build the bridge was to the public, and was a continuing one.  The duty cannot be avoided and the public deprived of the right to enforce its performance by the failure to perform it for the period of the statutory limitations for the commencement of actions.

We are constrained to say that the judgment cannot be sustained, and it is—*Reversed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.