STATE OF IOWA ex rel. VERNE SCHLEGEL, County Attorney, Appellant, v. A. F. MUNN et al., Appellees.

No. 42186.

OCTOBER 17, 1933.

Verne J. Schlegel, C. E. Richmann, and H. B. Sloan, for appellant.

W. W. Rankin and Cornell & Lowenberg, for appellees.

KINTZINGER, J.—This action was instituted by the county attorney of Davis county at the request of various taxpayers therein. The defendant Munn owns and operates an electric light system in

the town of Drakesville under an ordinance claimed to be invalid. Plaintiff asks that the defendant be ousted from Drakesville and excluded from operating the plant. The petition is based upon the alleged invalidity of the franchise, and states substantially as follows:

"1. That the ordinance was never lawfully passed.

"2. That the ordinance was never accepted by the defendant.

"3. The ordinance was never submitted to the electors.

"4. The council had no right to pass the ordinance.

"5. The ordinance contains more than the subject matter and unlawful provisions.

"6. The ordinance was never adopted in response to the notice of election.

"7. The ordinance contained provisions not submitted to the voters and contained provisions which the council had no right to include.

"8. The ordinance purports to grant the defendant the right to occupy the streets, alleys and public places of Drakesville, Iowa, with electric light poles and wires, together with a provision for the exclusive right to furnish street lighting to the town for fifteen years. The notice of election and ballot provided only for a franchise, but made no mention of a contract for street lighting."

Defendant filed a demurrer to the petition. As a decision of this case rests upon the ruling on the demurrer, we set it out substantially as follows:

"The defendant demurs to plaintiff's petition because:

"1. The facts stated therein do not entitle plaintiff to the relief demanded.

"(a) The petition states 'that while plaintiff is unable to state when the system was constructed, it was in operation ever since March 14, 1922, and defendant commenced to operate the same unlawfully.' Thus showing affirmatively that the defendant had invested the necessary money to purchase and install the plant and system more than ten years before the action was commenced, without objection on the part of plaintiff or anyone else; that the system was installed under authority of the ordinance referred to in plaintiff's petition, and plaintiff is therefore estopped from demanding the relief requested.

1234

"(b) The petition shows that plaintiff was guilty of estoppel in standing by, knowingly permitting the defendant to spend large sums of money in erecting and installing the lighting plant and system and is therefore not entitled to relief demanded.

"2. The petition shows the cause of action is barred by the statute of limitations, being established more than ten years before the commencement of this action. That it was not commenced by direction of the government, the general assembly or a court of record. That more than five years has elapsed since such cause of action accrued as shown by the petition and it is therefore barred by the statute of limitations."

This is an ordinary action and therefore triable in law. The only questions raised by the demurrer, and the only questions presented for the consideration of this court, are those shown in the record. Paragraph 1 of the demurrer has two subdivisions, viz: (a) and (b). Subdivision (a) raises the question of estoppel, and subdivision (b) the question of laches.

I. As grounds for denying the relief demanded, defendant in argument attempts to raise other questions, under the following statement in paragraph 1: Defendant demurs: "For the reason that the facts stated in said petition do not entitle plaintiff to the relief demanded", being the statement followed by subdivisions (a) and (b). The only questions specifically raised in paragraph 1 are estoppel and laches.

It is not sufficient to state the grounds of a demurrer in the terms of the statute. Code, section 11142; Dean v. Atkinson, 201 Iowa 818, 208 N. W. 301; Slafter v. Concordia Fire Ins. Co., 142 Iowa 116, 120 N. W. 706; Robinson v. Grant & Son, 119 Iowa 573, 93 N. W. 586; Stokes v. Sprague, 110 Iowa 89, 81 N. W. 195; Overland S. C. Co. v. Clemens, 189 Iowa 1293, 179 N. W. 954. See, also, Vol. I Iowa Anno., section 11141.

One of the statutory grounds of a demurrer is paragraph 5 of section 11141, which states:

"That the facts stated in the pleading attacked do not entitle the adverse party to the relief demanded."

The first sentence in paragraph 1 of the demurrer is in effect identical with the words of the statute. Section 11142, however, provides that "it shall not be sufficient to state the grounds of demurrer in the foregoing terms".

In Dean v. Atkinson, 201 Iowa 818, loc. cit. 822, 208 N. W. 301, 302, we said:

"The real purpose of the second provision [section 11142] is to require the party to specifically point out the defects and weaknesses in the pleading about which he complains. Failure to do this has been repeatedly held by this court to be sufficient reason for overruling a demurrer."

Under section 11142 and our decisions, the lower court was not authorized to consider any other grounds than those specifically set out, and a ruling sustaining a demurrer upon any other grounds would be erroneous.

With this statement of law as to what questions can be considered by this court, it is obvious from the record that the only questions raised by the demurrer are: (1) Estoppel, (2) laches, and (3) the statute of limitations.

II. Appellees claim that plaintiff is not entitled to the relief demanded because of the doctrine of estoppel and laches. The reasons urged for this claim are that the defendant company installed and constructed a lighting plant and system in the city of Drakesville, and in the construction thereof expended large amounts of money. Appellee also contends that plaintiff stood by and permitted the defendant to operate said system for a long period of years, and that by reason of so doing plaintiff was guilty of such laches as to prevent him from securing the relief demanded.

It is the settled law that where a person or corporation is attempting to exercise a franchise granted without legal authority, and accepts the same with knowledge thereof, no estoppel will lie against the public even though the grantee has expended money on the faith of the validity of the franchise. 26 C. J. 1029; State v. Railway Co., 159 Iowa 281, 140 N. W. 437; Snouffer v. Railway Co., 118 Iowa 287, 92 N. W. 79; Tri-State Telephone & Telegraph Co. v. Thief River Falls (C. C. Minn.) 183 F. 854; Cedar Rapids Water Co. v. Cedar Rapids, 118 Iowa 234, 91 N. W. 1081; City of Waterloo v. Union Mill Co., 72 Iowa 438, 34 N. W. 197.

The same principle applies to the doctrine of laches. Both of these questions have been settled in the case of Cedar Rapids Water Co. v. Cedar Rapids, 118 Iowa 234, 91 N. W. 1081, 1088. In that case we said, speaking through Justice Weaver:

"On the other hand, it is equally well established that no color

of corporate existence can be acquired by parties claiming to be or acting as a corporation, unless there is a valid law under which they might have been incorporated by complying with its provisions. In other words, there can be no corporation de facto except in cases where, by regularity of organization, it might have been, or may yet become, a corporation de jure. Heaston v. Railroad Co., 16 Ind. 275, 79 Am. Dec. 430; Methodist Episcopal Church v. Pickett, 19 N. Y. 487; Eaton v. Walker, 76 Mich. 579, 43 N. W. 638, 6 L. R. A. 102. Applying the same principle, we think it should be said that while the defective grant of a franchise which is authorized by law may, when acted upon and used by the grantee, afford a colorable right to such privilege, yet a grant for which there is no authority in law, or which is in violation of law, cannot be made the basis of a color of right. The general rule that an ultra vires contract is void and unenforceable at law or in equity is, for obvious reasons, of more imperative application to acts of municipal corporations than to those of private corporations. The exception to the rule which permits the enforcement of an ultra vires contract which has been partly performed is not recognized in cases where the power to make the contract does not exist under any circumstances, or is expressly forbidden by statute. Dill. Mun. Corp., sec. 443; City of Chaska v. Hedman, 53 Minn. 525, 55 N. W. 737; Griffin v. City of Shakopee, 53 Minn. 528, 55 N. W. 738; Fox v. City of New Orleans, 12 La. Ann. 154, 68 Am. Dec. 766; Thomas v. City of Richmond, 79 U. S. [12 Wall.] 349, 20 L. Ed. 453; King v. Mahaska County, 75 Iowa 329, 39 N. W. 636; Reichard v. Warren County, 31 Iowa 381. * * * A person dealing with a municipal corporation is held to know the extent of the power of such corporation, and if, with such knowledge, he obtains a grant for which there is no legal authority, or is in violation of an express statute, he does so at his peril, and obtains no right which is enforceable in the courts. * * * It follows of necessity from these principles, if not, indeed, as a matter of sound public policy, that a contract or grant made by a municipal corporation without any authority of law and accepted by the grantee with full knowledge of its unlawful character, cannot be held to give a color of right to the privilege thus attempted to be granted. To hold that color of right is to be thus obtained is to enable city officials to ignore with impunity every statutory limitation upon municipal power, and impose upon the people burdens which the law expressly provides shall never be created. * * *

Neither can there be any such acquiescence or waiver by the city *as will prevent or estop it from denying the validity of an act beyond the scope of its municipal powers."* (Italics ours.)

The plaintiff in this case pleaded the invalidity of the franchise in question. The defendant demurred to the petition; the demurrer was sustained, and defendant stood upon the ruling. Under this situation the invalidity of the franchise is admitted as shown by the petition. We adhere to the rules announced in the Cedar Rapids Water Case, 118 Iowa 234, 91 N. W. 1081, and therefore hold that the petition fails to show any such estoppel or laches as to prevent or estop plaintiff from bringing this action. For the reasons herein set out we believe the lower court erred in sustaining the demurrer on these grounds.

III. Appellee also contends that the plaintiff is barred by the statute of limitations under section 11007 of the Code.

A city is invested by the legislature with governmental powers, and holds the fee of the street, or an easement thereon, in trust for the public.

"The city is but an instrument for the exercise of the authority of the state, and its municipal powers in establishing and maintaining a street are exercised in the discharge of governmental functions. The statute of limitations, therefore, will not run to defeat the exercise of its governmental authority." City of Waterloo v. Union Mill Co., 72 Iowa 437, 439, 34 N. W. 197, 198.

See, also, Ogg v. City of Lansing, 35 Iowa 495, 14 Am. Rep. 499; Calwell v. City of Boone, 51 Iowa 687, 2 N. W. 614, 33 Am. Rep. 154; Clinton v. Cedar Rapids & M. R. Ry. Co., 24 Iowa 455; Perley v. Heath, 201 Iowa 1163, loc. cit. 1166, 208 N. W. 721.

In the case of Perley v. Heath, 201 Iowa 1163, 1165, 208 N. W. 721, 722, we said:

"The right here sought to be enforced is a public right, created by statute,—the right to have a bridge constructed where a public highway is crossed by a drainage ditch. The action is, it is true, by private individuals, but the right is, nevertheless, a public one. * * * Where an action is brought for the sole benefit of the state, although not brought in its name, the defense of the statute of limitations cannot be made. Wasteney v. Schott, 58 Ohio St. 410, 51 N. E. 34; Eastern State Hospital v. Graves, 105 Va. 151, 52 S. E. 837, 3 L. R. A. (N. S.) 746, 8 Ann. Cas. 701. * * * It is

well settled in this state that the statute of limitations does not run against the right of the public in respect to a public highway. City of Pella v. Scholte, 24 Iowa 283, 95 Am. Dec. 729; Davies v. Huebner, 45 Iowa 574, 578; Quinn v. Baage, 138 Iowa 431, 114 N. W. 205; McElroy v. Hite, 154 Iowa 453, 135 N. W. 20; Christopherson v. Town of Forest City, 178 Iowa 893, 160 N. W. 691. A municipality, in establishing and maintaining streets, is in the discharge of a governmental function, and the statute of limitations will not run to defeat its exercise. City of Waterloo v. Union Mill Co., 72 Iowa 437, 34 N. W. 197; Taraldson v. Town of Lime Springs, 92 Iowa 187, 60 N. W. 658; Bridges v. Town of Grand View, 158 Iowa 402, 139 N. W. 917. * * * It is held that proceedings in the nature of quo warranto concerning a public right are not barred by the statute of limitations. Catlett v. People, 151 Ill. 16, 37 N. E. 855; Grey v. People, 194 Ill. 486, 62 N. E. 894; Eel River R. Co. v. State, 155 Ind. 433, 57 N. E. 388; State v. Port of Tillamook, 62 Or. 332, 124 P. 637, Ann. Cas. 1914C, 483."

To hold that the statute of limitations would apply in this case would authorize municipalities to confer privileges and powers not contemplated by any statute. It would in effect validate an illegal franchise if the grantee could manage to hold it for five years. The rule that the statute will not run against the public in such cases prevents such contingencies. We think the rule is applicable in this case and hold that the statute of limitations does not apply.

Other questions are argued, but as they are not presented by the record in this case, we can give them no consideration.

From a careful consideration of the record we are satisfied that the lower court erred in sustaining defendant's demurrer to plaintiff's petition. The judgment of the lower court is therefore reversed.

ALBERT, C. J., and STEVENS, ANDERSON, MITCHELL, and KINDIG, JJ., concur.