## CROUCH v. CROUCH.

1. DEMURRER SHOULD BE SPECIFIC. The defendant assigns as cause of demurrer that "the petition does not show a substantial cause of action;" *Held*, That the assignment was too general and should have been disregarded.
2. ATTACHMENT. An allegation in an amended petition filed after the commencement of the suit, that the defendant is a non-resident of the State at the time of such filing, will not sustain an attachment previously issued.

Crouch v. Crouch.

3. ATTACHMENT IN EQUITY.   An attachment may be issued in a pro-
ceeding in chancery for proper cause shown, in the same manner in
which attachments are issued in actions at law.

*Appeal from the Marshall District Court.*

THURSDAY, OCTOBER 13.

The plaintiff, (the father,) sues the defendant, (the son,)
upon a contract by which the son, in consideration of the
plaintiff's property, undertook to keep and maintain him and
his (defendant's) mother during their lives.   To an amended
petition there was a demurrer, which was sustained.   An
attachment was issued and on defendant's motion dissolved.
Plaintiff stood upon his petition and appeals.

*Wilson* and *Cassady & Crocker* for the appellant.

*E. W. Eastman* for the appellee.

WRIGHT, C. J.—Upon what ground this demurrer was sus-
tained, we cannot see.   Several causes are assigned, which
may be briefly noticed.   And *first*, it is assigned, that the
original notice is in the name of plaintiff and his wife, and
the petition in the name of the father alone.   This objection,
if a good ground of demurrer, is not sustained by the record.
And the same may be said of the third and fifth grounds of
demurrer.   The *second* ground is that the petition does
not state where, nor in what state the contract was to be
performed.   This was not necessary.   The action is not
local.   *Fourth*, the petition does not show a substantial
cause of action.   This manner of demurring is too general,
and should have been disregarded.   It does not specify or
set forth the specific ground of objection to the pleading de-
murred to, as required by the Code, section 1954.

Looking alone at the papers before us, the motion to dis-
solve the attachment was properly sustained.   It seems that
the attachment was issued at the commencement of the action,
and the amended petition (and the only one before us,) was

filed sometime afterwards. From this, it only appears that *at the time of filing it,* defendant was a non-resident of the State. This was not sufficient to sustain an attachment previously issued. If the former or original petition, showed the same fact, then so far, the motion should have been overruled. If it did not, then it was properly sustained.

The objection that the proceeding is in equity, and that an attachment does not lie in such cases, is untenable in law as well as fact. The action is at law and not in equity; and if in equity, the plaintiff, for proper cause shown, would be entitled to an attachment, precisely as at law. All of the other causes stated in the motion (except the 4th) are of this nature: "There was no legal petition on file at the time the attachment issued, authorizing the same." This manner of assigning causes, as in the case of the demurrer, is entirely too general. *Danforth et al* v. *Carter & Mry*, 1 Iowa 230. The fourth cause is that there is no sufficient affidavit. If this relates to the amended petition, it is true as to the defect above pointed out, but not in any other. If to the original petition, we cannot judge of its sufficiency, as it is not before us.

The cause will be reversed, with directions to overrule the demurrer, and to take such further action upon the motion as is consistent with this opinion.