WALLACE v. THE COUNCIL BLUFFS INS. CO.

1. **Practice**: STANDING ON DEMURRER TO PART OF ANSWER: APPEAL. Plaintiff demurred to a portion of the answer. The demurrer was overruled, and he elected to stand thereon, and refused to proceed to trial on that portion of the answer not demurred to, and judgment was rendered against him for costs. *Held* that, since the demurrer admitted allegations which necessarily defeated plaintiff's right to recover, the judgment for costs upon the overruling of the demurrer was an end of the case in the trial court, and that from such judgment an appeal would lie to this court.

2. **Practice in Supreme Court**: PRESUMPTION AS TO INTENTION OF PLEADER. While this court might possibly base a ruling upon the supposed intention of a pleader, in contravention of the pleading itself, where the ruling would sustain the judgment of the court below, it will not do so where the consequence would be to reverse the judgment of the trial court.

Wallace v. The Council Bluffs Ins. Co.

*Appeal from Cedar District Court.*

FRIDAY, APRIL 24.

ACTION UPON A POLICY OF FIRE INSURANCE. The defendant, for answer, pleaded certain verbal representations, which it alleged were false and fraudulent. It also pleaded that the plaintiff failed to make preliminary proof as required, and pleaded some other matters. It did not set out a copy of any application or representation, nor show that any copy was attached to or indorsed upon the policy. The plaintiff demurred to six divisions of the answer, in some of which were set up the alleged false and fraudulent representations; the demurrer being based upon the ground that no copy thereof had been attached to or indorsed upon the policy. The court overruled the demurrer, and, the plaintiff electing to stand upon his demurrer, judgment was rendered against him for costs. The plaintiff appeals.

*C. E. Wheeler* and *W. G. Thompson*, for appellant.

*Phillips & Day*, for appellee.

ADAMS, J.—I. After the plaintiff had elected to stand upon his demurrer, a question arose as to the proper practice. The defendant insisted upon proceeding to trial upon that portion of the answer not demurred to. But the plaintiff refused to proceed, and judgment was rendered against him for costs, as above set forth. The defendant now insists that the action was disposed of in such a way that an appeal merely from the ruling on the demurrer does not lie. But it appears to us that after the ruling upon the plaintiff's demurrer, and after the plaintiff's election to stand upon the demurrer, there was nothing left for the district court to try. As the case then stood, the plaintiff was wholly defeated. Facts stood admitted which were a complete defense, and while they so stood

1. PRACTICE: standing on demurrer to part of answer: appeal.

the plaintiff by no possibility could have judgment against the defendant. By electing to stand upon the demurrer he conceded that judgment must go against him, and that it must stand against him unless, upon appeal, he could secure a reversal. The case, so far as the district court was concerned, was finally disposed of. The defendant had no occassion nor right to ask to be allowed to defeat the plaintiff again, and have another judgment for costs, in anticipation that the plaintiff might appeal, and by an appeal secure a reversal. If so much of the defendant's answer as was not demurred to showed a good defense, that defense remained available to the defendant when it should be needed.

II. We come now to the questions raised by the demurrer. And here we find ourselves somewhat perplexed by the fact that there is a portion of the answer demurred to

2. PRACTICE in supreme court: presumption as to intention of pleader.

to which the demurrer does not seem to have any application, and yet such fact is not noticed in the arguments of counsel. The fifth division of the answer is demurred to, and that division is in these words: "That, as a condition precedent to the right of recovery under said policy, it is provided therein that persons sustaining loss or damage by fire shall forthwith give notice of said loss to the company, and as soon thereafter as possible render a particular account of such loss, signed and sworn to by the assured, and stating the actual cash value of the property, and the interest of the assured therein. &ast; &ast; &ast; And the defendant says that the plaintiff utterly failed to furnish statements or proofs so required, or any proofs." The ground upon which the demurrer is based is set out in these words: "That said defenses set out and allege certain representations of the assured, which defendant alleges were made at the time the policy sued upon was issued, and for the purpose of procuring said insurance; and also allege that the representations were false; but do not allege or show that such representations, or any part thereof, were by defendant attached to or indorsed upon said policy, or a true copy of

the same." The fifth division of the answer does not set up the falsity of any representations, but a failure to make preliminary proof. That division was not demurrable upon any such ground as stated, nor are we able to see that it was demurrable upon any ground. Possibly the plaintiff did not intend to demur to that division. But we do not feel justified, in order to find a way to a reversal, to disregard the record and base a ruling upon a supposition that the plaintiff intended something different from the record. It would be going quite far enough to base a ruling upon the supposed intention of a pleader in contravention of the pleading, if the ruling, when made, would sustain the judgment of the court below.

Taking, then, the demurrer as it reads, we have to say that, so far as the fifth division of the answer is concerned, the demurrer was unquestionably rightly overruled. The plaintiff, by demurring, admitted the facts stated in that division, and by electing to stand upon his demurrer he admits them in this court, and we are asked to say whether, with those facts admitted, judgment should stand against him. It must be conceded that if we confine ourselves to the record, as we hold that we must, the judgment must stand.

As to the question whether an insurance company can be allowed to set up as a defense the falsity of representations other than those which have been reduced to writing, and a copy thereof attached to or indorsed upon the policy, it is manifest that, under the view which we have taken, the case does not call for an opinion. The question is not free from difficulty, unless it should be regarded as settled, as perhaps it should be, by *Ellis v. Council Bluffs Ins. Co.*, 64 Iowa, 507.

AFFIRMED.