Wolters and another vs. The Western Assurance Co.

WOLTERS and another, Respondents, vs. THE WESTERN ASSURANCE COMPANY, Appellant.

*January 18 — February 2, 1897.*

*Insurance: Want of effort to save property a defense: Burden of proof.*

1. If, by reason of the neglect of the insured to use all reasonable means to save and preserve the property at and after the fire, or of his interference preventing or obstructing the saving of the personal property, any of it is destroyed, such conduct on his part is a defense to an action on the policy to the extent of the value of the property lost in consequence thereof, although there is no stipulation or condition in the policy making that a ground of forfeiture.

2. The burden of proof that the loss of insured property was caused by the neglect or misconduct of the insured in reference to saving the property is on the insurance company setting up that defense.

APPEAL from a judgment of the circuit court for Manitowoc county: N. S. GILSON, Circuit Judge.   *Affirmed.*

This action was brought upon a policy of fire insurance for $2,000,— $1,500 on a frame building and saloon at Two Rivers, Wisconsin; $100 on saloon furniture; $100 on wines and liquors; and $300 on household and kitchen furniture, beds, bedding, family stores, etc. One *Grotegut* was joined as plaintiff, by reason of his mortgage interest in the real estate, amounting to $1,200. The complaint charged the total destruction of the building by fire November 28, 1894, and claimed $481.64 by reason of loss on household furniture, beds, bedding, wearing apparel, etc., and alleged a loss of $285.50 on the stock of wines, cigars, etc. The fire and partial destruction of the personal property were admitted by the answer, but all liability under the policy was denied (1) because it was alleged that the fire was set by the plaintiff *Wolters*, or by his procurement; (2) because *Wolters*, by his conduct at the time of the fire, actively interfered to prevent salvage by neighbors and friends who were present, and that his conduct in that respect was fraudulent, whereby he forfeited any right to recover damages for personal property under the policy. The jury found for the plaintiffs, and assessed their damages at $1,963, that is to say, $463 over and above the insurance on the building, it appearing that the building was totally destroyed, within the meaning of the law.

The undisputed evidence shows that the value of the household and kitchen furniture, utensils, and effects covered by the policy was in excess of $500, and that the damage to them by reason of the fire was $481.64; that the value of the saloon furniture and fixtures before the fire was $294.50, and the loss or damage by reason of the fire, $285.50. So that the loss was far in excess of the amount of the insurance. Evidence was given of facts and circumstances tending to show that the fire was incendiary in its origin, and also to show that the plaintiff *Wolters* absented himself from the fire about twenty-five minutes or half an hour, and tending to

show that he made no effort to save anything. One witness testified that, when they tried to get into the front door, *Wolters* touched him on the shoulder and said, "'Leave that door shut.' I says, 'Why?' He says, 'I shouldn't take anything out.' I asked, 'Why?' He says, 'If.you take it up, you will break it anyway, and I won't get any insurance for it.'" Other witnesses testified to similar facts, and there was sufficient testimony to require that the question whether *Wolters* not only made no effort to save anything, but also whether he actively interfered to prevent friends and neighbors from making any salvage, be submitted to the jury. Plaintiff *Wolters* testified that at the time of the fire he was greatly excited, and after he got dressed,— got some shoes and coat,— there were a couple of fellows at the front door; that he knew not who they were; that they were trying to take some stuff out; that the door was not locked,— was left open; that he made some remark to them about tearing out the things, and, rather than to tear them out, they should leave them in, or something like that; that he could not remember exactly what he did say, something about breaking the furniture or tearing it up; that he was too excited to remember what kind of remarks he made. And he testified to facts and circumstances tending to show that the loss was a fair and legitimate one, so that the whole matter became appropriately a question for the jury. The plaintiffs had judgment on the verdict, and the defendant appealed.

The questions arise upon the instructions of the court asked and refused. The defendant requested the court to instruct the jury that "it was the duty of the plaintiff, at the time of the fire, not only to use all reasonable exertion on his own part, but to encourage other persons to assist in saving as much as possible of the unsaved property from destruction, and if you find that the plaintiff not only omitted and neglected all effort on his part to save any such

property, but also requested others to desist from saving it,. and the evidence fails to show you that reasonable efforts to save such property would have been unsuccessful, then the plaintiff would not be entitled to recover for the loss of any of such property;" but it was refused. The court, after properly submitting to the jury the question whether the plaintiff *Wolters* burned or procured the property insured to be destroyed by fire, charged the jury, in respect to the point involved in the above request, as follows, namely,. "That the plaintiff was not entitled, under the evidence, to recover anything for the loss on the stock of wines, liquors,. and cigars." And, further, "That the policy under which this property was insured provides that the company shall not be liable for loss caused, directly or indirectly, by the neglect of the insured, *Wolters*, to use all reasonable means to save and preserve the property at and after the fire. If the plaintiff prevented or obstructed the saving of the personal property, so that, in consequence thereof, said property was destroyed or damaged by fire, the insurance company is not liable for such loss; nor is it liable for the loss of any property caused, directly or indirectly, by the neglect of the plaintiff to use all reasonable means to save and preserve the property at the fire and after the fire. Was any of this personal property destroyed or damaged by such neglect of the plaintiff to use all reasonable means to save and preserve the same? If so, what was the value of the property lost by such neglect of the plaintiff? If all the personal property was lost in consequence of such neglect, then the defendant is not liable for the value of any of the personal property whatever. If, however, only a part of the personal property was lost in consequence of such neglect, then what was the value of the property so lost by the negligence of the plaintiff, provided you find the plaintiff did not set fire to his building? That the amount found to be the actual loss on the personal property should be added

to the value of the building, which is the sum of $1,500, and which the plaintiffs, if they were entitled to recover, were entitled to for loss on the building." Defendants moved the court for a new trial, upon the minutes of the court, for error in the giving and refusing of instructions to the jury, and because the verdict was contrary to the evidence. The motion was denied, and from a judgment entered on the verdict in favor of the plaintiffs the defendant appealed.

For the appellant there was a brief by *Quarles, Spence & Quarles*, and oral argument by *J. V. Quarles*. To the point that it was the duty of the assured to use all reasonable exertions to save the property endangered, they cited *Devlin v. Queen Ins. Co.* 46 U. C. Q. B. 611; *Smith v. Cash Ins. Co.* 1 Pitts. (Pa.), 428; *Willis v. Germania & H. Ins. Co.* 79 N. C. 285. Failure to do so amounts to fraud. *Fleisch v. Ins. Co. of N. A.* 58 Mo. App. 596, 607; *Robinson v. Mercer Co. M. F. Ins. Co.* 27 N. J. Law, 134; *New York M. L. Ins. Co. v. Armstrong*, 117 U. S. 591; *Chandler v. Worcester M. F. Ins. Co.* 3 Cush. 328.

For the respondents there was a brief by *G. G. & C. H. Sedgwick*, attorneys, and *Timlin & Glicksman*, of counsel, and oral argument by *N. Glicksman*.

PINNEY, J. 1. We cannot interfere with the verdict in this case, upon the defendant's contention that it is contrary to the evidence. There was sufficient evidence on all contested points to require the submission of the issues to the jury, and it cannot be said that the verdict is not supported by competent evidence. The weight and credibility of the testimony, and the proper inferences to be drawn from the facts and circumstances in evidence, were for the jury; and the circuit judge appears to have been satisfied with the verdict, and refused a new trial.

2. We think that the instructions to the jury on the subject whether the loss was caused, directly or indirectly, by

the neglect of the plaintiff *Wolters* to use all reasonable means to save and preserve the property at and after the fire, and also as to the effect of such negligence on the plaintiffs' right of recovery, as well as the fact, if they so found it, that the plaintiff *Wolters* prevented or obstructed the·saving of the personal property, are correct. It was submitted to the jury to find what was the value of the insured property lost in consequence of such conduct on his part, if any, and they were told that the defendant would not be liable for the value of the property lost by reason of such neglect or improper interference. It is not claimed that there was any stipulation or condition in the policy by which it would be avoided for such neglect or misconduct. The law does not favor forfeitures, and a forfeiture of the policy cannot be raised, on these grounds, by implication. The most that can be said is that the company would not be liable for any loss caused by the negligence or misconduct of the insured, and, if no loss was so caused, the defendant was not injured thereby, and had no ground of defense by reason of the alleged neglect or misconduct. *Commercial Bank v. Firemen's Ins. Co.* 87 Wis. 297. The instruction asked by the defendant's counsel is faulty, and was properly refused. Instead of resting its partial defense for destruction of the personal property on the legitimate result of the negligence or misconduct of *Wolters*, such partial defense was to be made available to the defendant, by this instruction, not upon the ground that such negligence or misconduct was the proximate cause of the loss, but in the event that the evidence *failed to show* that reasonable efforts to save such property would have been *unsuccessful*, making the partial defense to finally depend, not upon what the evidence showed, but upon what it failed to show. The burden of proof was on the defendant to show that the loss was caused by *Wolters'* neglect or misconduct. *Freeman v. Travelers Ins. Co.* 144 Mass. 572; *Cronkhite v. Travelers Ins. Co.* 75·

Wis. 116; *Aurora F. Ins. Co. v. Johnson*, 46 Ind. 315, 326. The instruction asked was properly refused, and, as the instructions given were sufficiently favorable to the defendant, it follows that the judgment is correct, and must be affirmed.

· *By the Court.*— The judgment of the circuit court is affirmed.