## THORNTON v. SECURITY INS. CO.

### (Circuit Court, M. D. Pennsylvania. September 11, 1902.)

### No. 1.

**1. FIRE INSURANCE—CONDITION OF POLICY—CARE OF GOODS AFTER FIRE.**

A provision of a fire insurance policy that "if fire occurs the insured shall * * * protect the property from further damage, and forthwith separate the damaged from the undamaged personal property, and put it in the best possible order," is an absolute requirement, which must be observed, unless waived or excused, as a condition precedent to any recovery on the policy.

At Law. Action on fire insurance policy. On rule for new trial.

E. N. Willard and John McGahren, for plaintiff.

Jno. T. Lenahan and M. J. Martin, for defendant.

ARCHBALD, District Judge. It was provided by the policy in suit that "if fire occurs the insured shall * * * protect the property from further damage, and forthwith separate the damaged from the undamaged personal property, and put it in the best possible order." There was evidence from which the jury might have found that this was not observed by the plaintiff in the present instance, and the court was therefore requested to charge in the defendant's third point that, if he failed in this duty, he was not entitled to recover. The court affirmed the duty, but denied the result claimed, charging simply that, while the plaintiff could not recover for any loss which was occasioned by his neglect to care for the property, he might have a verdict, notwithstanding it, for whatever there was over and above it. The question is whether this instruction was correct. The authority relied upon to sustain it is Wolters v. Assurance Co., 95 Wis. 265, 70 N. W. 62, but the decision in that case has reference to an entirely different provision of the policy. The stipulation there was that the company should not be liable for loss caused directly or indirectly by the neglect of the insured to use all reasonable means to save and preserve the property at the time of the fire. This, it is submitted, was an unnecessary provision, and must be regarded as introduced out of extra precaution. Every policy holder is bound to do all that he reasonably can, in case of a fire, to preserve and protect the property insured, and cannot, therefore, hold the company liable for loss which is traceable to a disregard of that duty. But it was rightly held, construing this provision, that, as there was nothing which made the neglect of the insured an avoidance of the policy, the stipulation was sufficiently enforced by directing the jury to disallow for the loss of anything that was occasioned by it. But the case cited does not touch the one in hand. The law which is really applicable is to be found in Oshkosh Match Works v. Manchester Fire Assur. Co., 92 Wis. 510, 66 N. W. 525. It was made the duty of the owner there, as here, if a fire occurred, to "forthwith separate the damaged and undamaged personal property, put it in the best possible order, [and] make a complete inven-

¶ 1. See Insurance, vol. 28, Cent. Dig. §§ 1291, 1292.

tory of the same"; and, having failed to do so, it was held that this was a breach of the conditions of the policy, and worked a forfeiture. "The conditions referred to are substantial and important," says Pinney, J., "and are designed, among other things, to enable the company to fairly investigate and ascertain the loss, and to detect dishonesty and fraudulent practices. They were conditions for the protection of the company, to be performed after the loss, and until performed, or performance had been duly waived, no recovery could be had on the policy. We must regard these provisions as having been deliberately agreed to, and with the understanding that they were material, and would be performed accordingly; and it is the duty of the court to give full effect to them as written." There can be no question as to the soundness of these views. The stipulation in question is absolute, and must be observed as a condition precedent to a recovery. It is not introduced into the policy so much for the purpose of keeping down the loss as to enable the company to ascertain with some degree of accuracy just what the loss is. And it must be as strictly observed as any of the other provisions with which it is directly associated in the context, such as the immediate notice of the fire, the furnishing of satisfactory proofs of loss within a specified time, or the submission to an examination under oath, and the production of books and papers, if required. All these are unquestionably to be complied with, unless excused, and they are not to be distinguished in character from the one under discussion. It is no answer to say that the plaintiff complied with these requirements so far as he was able; being prevented, as he claims, from anything further, by the interference of the company's adjuster and local agent. That was a question for the jury, and should not have been withdrawn from them, as it was, by the instructions given. They should have been expressly told, in the language of the point, that if the plaintiff failed in his duty, in not separating the damaged and undamaged goods, he was not entitled to recover.

The rule is made absolute, and a new trial is awarded.