[No. 4761½.  Decided March 1, 1904.]

J. A. DUNHAM *et al., Respondents,* v. CITIZENS' INSURANCE CO., *Appellant,* and J. W. POWELL, *Defendant.*[1]

INSURANCE—VALIDITY—FRAUD—FALSE REPRESENTATIONS IN SECURING POLICY—INTENT. A policy of fire insurance upon a house in the course of construction is void where the owner secured the same by falsely representing to the agent the value of the house when completed and that he had already paid $1,500 on the contract price, when he had in fact paid less than $700, and such statement peculiarly within his knowledge must be presumed to have been intentionally made and fraudulent.

SAME—REPRESENTATIONS OUTSIDE THE WRITTEN APPLICATION. Such false representations vitiate the policy although not in-

[1]Reported in 75 Pac. 804.

cluded in the written application, when fraudulently made upon inquiry by the agent, where the policy provides that it shall be void if the insured has concealed or misrepresented "in writing or otherwise" any material fact.

SAME—FALSE REPRESENTATIONS TO AGENT NOT COMMUNICATED TO THE COMPANY. False representations as to matters material to a risk, made to an agent who had power to and did issue the policy without sending the application to the company, vitiate the policy, although they were not communicated to the company, the information relied upon by the agent being under the circumstances information to the company.

SAME—POSITION OF CREDITORS FOR WHOSE BENEFIT INSURANCE IS FRAUDULENTLY SECURED—DEFENSE OF FRAUD. Where the owner of a house secures insurance in his own name by fraudulent representations without disclosing that it was secured for the benefit of creditors who had furnished material for its construction, the creditors stand in no better position than the owner, and the defense of fraud is available to the company.

SAME—COMPROMISE OF VOID POLICY—EQUITABLE ASSIGNMENT OF CLAIM—DEFENSE OF FRAUD. Where an insurance company compromises a loss under a void policy by paying the owner of the premises one-half the sum claimed, without notice to creditors of the owner who had given notice of an equitable assignment to them of the amount due on the policy, the company is not liable to such creditors, since nothing was due on the policy, and the invalidity of the policy could still be litigated by the company to defeat its recovery.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered March 17, 1903, after a trial on the merits before the court without a jury, awarding plaintiffs the amount claimed under an equitable assignment of a loss on a fire insurance policy. Reversed.

*Sharpstein & Sharpstein,* for appellant.

*W. T. Dovell,* for respondent.

MOUNT, J.—On the 11th day of April, 1902, the defendant J. W. Powell entered into a contract with L. D. Pettit and wife to purchase a lot in the city of Walla Walla. The purchase price was $2,000, $200 of which was paid down,

and the balance was to be paid in monthly installments of $15 each, beginning on December 1st of that year. A deed was executed by Pettit and wife, and placed in escrow to be delivered to Powell when the balance of the $2,000 was finally paid. Powell took immediate possession of the lot, and thereupon entered into a contract with one Fields, by which contract Fields agreed to furnish the material and erect a dwelling house upon the said lot for the sum of $1,650. While the house was being constructed, respondents and their assignors, at the request of Fields, furnished materials and labor to the value of $1,039.40, for the construction of the building. After the materials and labor had been furnished, respondents demanded payment of Powell, or security therefor, and Powell promised to obtain insurance upon the house, which he said should secure all the creditors.

Immediately thereafter, and on July 16, 1902, Powell applied to the agent of appellant for a policy of insurance upon the said building, for the sum of $1,800, without informing the agent that the policy was for the benefit of any one but himself. The agent thereupon inquired of Powell the value of the house, and was informed by Powell that the house was worth $1,800, and would cost when finished $2,200, and that he had already paid $1,500 thereon; when, as a matter of fact, he had paid less than $700. Powell thereupon signed a written application for the policy of insurance to be issued in his own name, which application made no reference to the value of the property, but did contain questions relating to the title, which were answered as follows:

"Q. What is your title to the ground? A. Deed. Q. Is property mortgaged? A. No."

The agent thereupon, on the same day, relying upon the statements and the written application, issued the policy

as applied for, and delivered it to Powell. Four days later, viz., on July 20, the building was destroyed by fire. It was then worth $1,800. Thereafter, upon the refusal of Powell to assign the policy to respondents, they and their assignors served notice on the insurance company, claiming a lien upon, and an equitable assignment of, the proceeds of the policy for the amount of their respective claims. After receiving these notices of claims by respondents, and when Powell made a claim for loss under the policy, the insurance company questioned the validity of the policy, because of misrepresentations made by Powell both as to his title and as to his interest in the property, and also as to the amount he had paid on the contract for the construction of the building. Subsequently Powell and the insurance company agreed upon a compromise, and the insurance company paid Powell $700 in full settlement, disregarding the claims of respondents. Powell thereupon left the country.

Respondents brought this action against Powell and the insurance company to recover the amount of their claims, alleging an equitable assignment of the amount due on the policy of insurance. Powell made no appearance. The insurance company defended upon several grounds, one of which was that the policy was void because of misrepresentations made by Powell to the agent as to the amount Powell had paid for the construction of the building insured. Upon a trial before the court without a jury, a judgment was entered against the insurance company for the amount of the claim. This appeal is prosecuted from that judgment.

A number of errors are assigned and argued, but upon the undisputed facts, as we view them, the cause must be reversed because of the invalidity of the policy. The evidence shows conclusively—in fact there is no dispute—

that, at the time Powell applied for the policy, and before it was issued to him, he stated to the agent that the house when completed would be worth $2,200, and at that time he had paid thereon $1,500, when as a matter of fact he had paid less than $700, and afterwards paid no more. This was a material fact for the company to know. The information was sought by the agent in order to determine the amount of the risk. The false statement was, no doubt, made in order to induce the insurance company to take the risk for a much larger sum than it would have done had the truth been known. The statement, while not a warranty, was clearly material and fraudulent, and therefore vitiated the policy. 2 Joyce, Insurance, § 1896, and authorities there cited; 2 May, Insurance (4th ed.), § 373; 1 Wood, Insurance (2d ed.), p. 562, *et seq.*

In order to avoid the effect of this representation, respondents argue that it does not appear that the statements were intentionally made, and that they were not included in the written application, and were not communicated to the home office; and therefore the company did not rely thereon when it issued the policy. This argument cannot avail the respondents. The evidence is conclusive that, in answer to the inquiry of the agent as to the value of the property, Powell stated that he had paid $1,500 on the contract price of the building, when in fact he had paid less than $700. This fact was peculiarly within the knowledge of Powell. He knew it was false, and must be presumed to have made the statement intentionally.

It is true that there was no question in the written application as to the value of the property, but this was a material fact which the company was entitled to know in order to determine the risk which it was requested to assume. The agent inquired for the fact when he received the application for the policy. He was wrongly and fraud-

14-34 WASH.

ulently informed. There is a provision in the policy as follows: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof." This provision clearly contemplates other information than the information contained in the written application.

The agent relied upon the information, and immediately issued and delivered the policy. It was not necessary for the agent to send the application to the home office. He was authorized to issue the policy himself, and did so, and immediately delivered it to Powell. The information which the agent relied upon must, under these circumstances, be held to be information which the appellant company relied upon. Powell certainly could not have recovered upon the policy in the face of his fraud; and even if he obtained the policy for the use and benefit of respondents, they are in no better position than Powell.

It is true the company had notice before it settled with Powell that respondents claimed an interest in the money due on the policy; but, if the policy was void, there was nothing due, and a compromise thereof did not render the insurance company liable to any person upon the policy. The validity thereof, unaffected by the compromise, might still be litigated as between the insurance company and any other person interested. The insurance company, in fairness to the respondents, might have notified them of the settlement about to be made with Powell, but no legal liability was incurred merely by a failure to do so.

For the reason that the policy was void because of the false representations named, the cause is reversed, and the lower court is directed to dismiss the action.

FULLERTON, C. J., and HADLEY, ANDERS, and DUNBAR, JJ., concur.