R. A. SLAFTER, Appellant, v. THE CONCORDIA FIRE INSURANCE CO., Appellee.

**Pleadings:** DEMURRER: SPECIFICATION OF GROUNDS. A demurrer to a division of the answer in defense of a suit on an insurance policy alleging plaintiff's failure to care for the property after the fire, stating simply that the facts alleged do not constitute a defense, without specifying the grounds of objection thereto, is too general and should be overruled.

**Same:** DEMURRER: REVIEW OF RULING. Where the plaintiff in an action on an insurance policy admits a defense pleaded in one division of the answer, which is sufficient to defeat recovery, the correctness of rulings on a demurrer to other divisions need not be considered on appeal.

**Same:** INSURANCE: OVERVALUATION OF PROPERTY. Fraudulent overvaluation of the property is a defense to a suit on an insurance policy, and where the allegations of such defense are admitted on demurrer, the question of overvaluation is for the court.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

THURSDAY, APRIL 8, 1909.

ACTION at law upon a policy of fire insurance. To defendant's answer pleading defenses in four separate divisions plaintiff demurred. This demurrer was overruled,

and, plaintiff electing to stand thereon, judgment was rendered against him for costs, and he appeals.—*Affirmed.*

*Ira J. Alder* and *Baker, Ball & Ball,* for appellant.

*O. A. Byington* and *Wade, Dutcher & Davis,* for appellee.

DEEMER, J.—Defendant issued its policy to plaintiff covering a stock of merchandise in the city of Iowa City. The policy was issued May 22, 1907, and the property was destroyed by fire June 3, 1907. Proofs of loss were duly made, and this action brought on October 24, 1907. Among other conditions of the policy was the following: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be personal property and be or become encumbered by a chattel mortgage." Defendant pleaded that this condition was broken by reason of the execution by plaintiff of the following contract:

In consideration of indorsement of a note for one thousand dollars ($1,000) made payable at the First National Bank for one year to become due Jan. 30, 1908, at 7 per cent. interest, I the undersigned hereby agree to the following, to wit: To pay $100.00 on said note the third month, and to pay a like sum of $100.00 for six (6) consecutive months each month at the First National Bank and then to pay to Chas. Lake a like sum of $100.00 for two consecutive months, making a total of $200.00 paid to Chas. Lake, which shall not be considered a payment on said note, but shall be a remuneration for services, including time and trouble attendant upon said indorsement. To pay the balance of $400.00 due on said note at same rate as above; that is, $100.00 per month beginning after the payments to Chas. Lake until said note is paid in full, together with interest due thereon. In case of failure to pay said note as agreed, I hereby agree to sell and transfer

to said Chas. Lake a sufficient amount of my interest in the stock of merchandise in the Donnell Manufacturing Co., located in this city, to cover such deficiency and do hereby authorize said Chas. Lake to enter said Donnell Manufacturing Company's Sales Agency, and to take possession of such merchandise as may be necessary to pay balance of said note together with costs, if any. R. A. Slafter.

This note or contract is alleged to have been made on January 30, 1907, and it is contended that, by reason of the execution thereof, the policy became void because plaintiff was not the sole and unconditional owner of the property, and for the further reason that the property was incumbered by chattel mortgage when the policy issued.

Another condition of the policy read in this wise: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if any change other than by death of an insured take place in the interest, title, or possession of the subject of insurance, whether by legal process or judgment or by voluntary act of the insured, or otherwise." It is contended that this condition was violated by the execution of the note or contract above set out because thereby a change did take place in the interest, title, and possession of the property. Another provision of the policy reads as follows: "This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise a material fact or circumstance concerning this insurance or the subject thereof." The execution of the contract heretofore set out is pleaded as a breach of this condition. Defendant also pleaded the following as a breach of this condition:

That application was made for the insurance by the plaintiff to Thomas Brennan, the agent of the company at Iowa City, Iowa, and that said Thomas Brennan had no knowledge and no means of knowledge of the value of the property sought to be insured; that the plaintiff was a

stranger to him, having known him but a short time, and that the said plaintiff falsely and fraudulently misrepresented the value of the property covered by said policy to be the sum of $2,500; that said representation was false, and known to the plaintiff to be false; that in truth and in fact the said property, as the defendant is informed and believes, did not exceed in value the sum of from $500 to $1,000, and that the said plaintiff, knowing its value, fraudulently misrepresented the same as aforesaid, and concealed from the defendant and its agent the true value of said property, and defendant therefore says that, by reason of the false representation as to value thereof, the said policy became and is void.

Another defense pleaded by defendant we copy from the answer as follows:

. Defendant says that said policy contains the provision that the same should be void in case of any false swearing on the part of the insured touching any matter relating to the insurance or any matter hereof, whether before or after the loss, and defendant avers that, after said alleged loss, the plaintiff prepared and delivered as part of the proofs of loss in said case a statement in writing, alleging that he was the absolute owner of said property at the time of the loss, and that there was no lien or encumbrance upon the said property; that said statement so sworn to by the said plaintiff was false by reason of the execution of the note or contract before mentioned.

, Another defense interposed reads as follows:

The defendant alleges that the policy of insurance issued by the defendant to the plaintiff, upon which suit is brought, contained the following provision: 'If fire occur, the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon. . . . No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured

with all the foregoing requirements.' Defendant alleges that the plaintiff violated the foregoing provision of said policy, and that he failed and refused to protect the property from further damage; that he failed and refused to separate the damaged and undamaged personal property, to put it in the best possible order, and to make a complete inventory of the same as required by said policy; that, on the contrary, the said plaintiff permitted divers persons to the defendant unknown to enter the building in which said property was located at the time of the alleged fire, and permitted them to handle and to carry away a portion of the property described in the policy, and permitted them to trespass upon said property, and otherwise failed to carry out the letter and spirit of the above-quoted provision; that, by reason of the conduct of said plaintiff, he is not entitled to maintain this action.

The demurrer interposed by plaintiff challenges the sufficiency of these defenses as a matter of law. The demurrer is to each count or division of the answer, and it was overruled "as to all grounds."

It will be observed that defendant in one count or division of its answer pleaded plaintiff's failure to properly care for the property. The demurrer to this division read as follows: "Plaintiff demurs to the second paragraph pleaded as a separate defense in the first amendment to answer filed May 14, 1908, for the reason that the same does not state facts sufficient to constitute a defense, in this: the facts alleged in said paragraph plaintiff failed and refused to protect the property from further damage, and failed and refused to separate the damaged and undamaged personal property, and permitted divers persons to enter the building where the property was located at the time of the fire, and permitted them to handle and carry a portion of the property described in the policy, and the further facts alleged in said paragraph do not constitute a defense to plaintiff's cause of action." Sections 3562 and 3575 of the Code read as follows: Section 3562: "A demurrer

1. PLEADINGS: demurrer: specification of grounds.

must specify and number the grounds of objection to the pleading; and it shall not be sufficient to state the objection in the terms of the preceding section, except that a demurrer to an equitable petition, for the fifth reason of said section, may be stated in the terms thereof." The fifth reason of the preceding section reads: "That the facts stated in the petition do not entitle the plaintiff to the relief demanded." Section 3575: "When the facts stated in the answer, or any count or division thereof, are not sufficient to constitute a defense or counterclaim, the adverse party may demur, and shall be held to the same certainty in the statements of the grounds therefor as obtains in a demurrer to the petition, and with like results attendant upon the ruling thereon." It will be observed that the ground of demurrer just set out amounts to nothing more than a statement that the facts pleaded do not constitute a defense. That such a demurrer should be disregarded is so well settled by our cases that it is needless to discuss the matter further. *Crouch v. Crouch,* 9 Iowa, 269; *Singer v. Cavers,* 26 Iowa, 178; *McLaughlin v. Bascomb,* 36 Iowa, 593; *Davidson v. Biggs,* 61 Iowa, 309; *Stokes v. Sprague,* 110 Iowa, 89; *Robinson v. Grant,* 119 Iowa, 573; *Timken Co. v. Smith,* 123 Iowa, 554. The demurrer in so far as it related to this defense was properly overruled.

Moreover, the cases seem to hold that this division of the answer constituted a defense. Plaintiff undertook to properly care for the property after the fire, to separate damaged from undamaged property, etc. Breach of this condition is pleaded, and it is admitted by the demurrer that plaintiff failed and refused to protect the property, permitted persons to enter the building after the fire, to handle and carry away some of the property covered by the policy, and to trespass upon the property. That this constituted a defense to the action is held in *Thornton v.*

*Security Co.* (C. C.) 117 Fed. 773; *Oshkosh Works v. Manchester Co.,* 92 Wis. 510 (66 N. W. 525).

Even were this not true, the demurrer was properly overruled to the defense now under consideration for reasons already stated. Plaintiff's answers to these propositions are (1) that the demurrer is sufficiently specific; (2) that defendant did not in the lower court challenge the sufficiency of the demurrer; and (3) that the matters pleaded do not in fact constitute a defense. No case to which our attention has been called holds such a demurrer sufficient in a law case. Certainly none of those cited by appellee so hold. No means are provided whereby we may ascertain the reasons which actuated the trial court in overruling the demurrer to the defense now under consideration. The court overruled the demurrer upon each and every ground, and its action as to some of the grounds may have been bottomed upon noncompliance with the statute as to the sufficiency of the statement of grounds thereof. Appellant's argument in this court indicates very clearly that the basis of attack upon the defense of failure to care for the property could not have been anticipated by the defendant's counsel. He says, first, that the matter pleaded does not constitute a defense, in that there was no denial by defendant, that there was a fire, and that the property insured was destroyed thereby, and no denial that there was a loss to the extent of the amount of the policy. He further says that it is not alleged that any of the property was carried away; that there is no allegation of any fraud in the matter, or that failure to make a complete inventory was done with fraudulent intent; and that it does not appear that any damage was suffered by defendant. He further contends in argument that there are two provisions of the policy relating to this matter, one reading that "the company shall not become liable for loss caused by any neglect of the assured to use all reasonable means to save and preserve the property at and after the fire,"

and, in addition, the one relied upon by defendant, and that under the one just quoted defendant was bound to show the loss occasioned by plaintiff's failure to care for the goods as an offset to the amount demanded under the policy. The argument proceeds along the line that, as there are two provisions, plaintiff is entitled to have that construction put upon the policy which is most favorable to him, and that, in applying this rule to the defense pleaded, it should be held that the facts recited do not constitute a defense either in whole or in part to an action upon the policy.

He further insists that the pleadings show that the loss was total, and that the provision of the policy relied upon by defendant constitutes no defense. Defendant could hardly apprehend these various and multiplied grounds of attack upon its answer from a reading of the demurrer filed by the plaintiff. Of course, if the loss was total, the provision of the policy now under consideration would not apply. 2 May on Insurance (4th Ed.), section 423, note 4. But this is not the ground set forth in the demurrer, and the division of the answer attacked negatives the thought that the loss was total. If we may go to the petition, it there appears from the statement of the cause of action that the property "was almost totally destroyed by fire," and the answer explicitly says that plaintiff permitted divers persons to enter the building after the fire, to handle and carry away a portion of the property covered by the policy, etc. Surely in the face of these statements and admissions it sufficiently appears that the property was not totally destroyed. Hence the rule cited by May in his work on Insurance does not apply.

Without discussing the merits of any of these different contentions, it will be observed that none of them are suggested as grounds for the demurrer; thus clearly indicating that defendant could not have apprehended the real basis of the attack upon its pleading. Having cited some

cases holding that the defense is good as a matter of law to recovery in any amount, it may be well to say that we do not, in view of the final conclusion reached, intend to announce that as the proper rule for all cases.  Appellant cites the following authorities, which, while not controlling, have some bearing upon the proposition, and might well be considered were the case to be heard upon its merits. See *Wolters v. Insurance Co.,* 95 Wis. 265 (70 N. W. 62) ; *Wertheimer v. Casualty Co.,* 172 Mo. 135 (72 S. W. 635, 61 L. R. A. 766, 95 Am. St. Rep. 500).  Neither case is directly in point, however, and as applied to the exact defense pleaded in the answer, we should be inclined to follow the rule of the *Oshkosh* and *Thurston* cases, *supra.*  We see no way of avoiding the conclusion that the demurrer to the answer setting up the defense of failure to care for the goods was properly overruled.  This relieves us from the necessity of considering the correctness of the ruling on the demurrer to the other counts or divisions of the answer.

Even should we hold that there was error in overruling the demurrer in all other respects, there is one defense admitted by the plaintiff which is sufficient to

2. SAME: demurrer: review of ruling.

defeat his recovery and the other matters are moot questions; for, however decided, as defendant has one defense which is good, admitted by plaintiff, and sufficient in itself to defeat his cause of action as stated in the petition that ends the controversy.  This is the only rule which can be applied to such case.  *Wallace v. Insurance Co.,* 66 Iowa, 139; *Holbert v. Railroad Co.,* 38 Iowa, 315; *Morrison v. Kendall,* 6 Ind. App. 212 (33 N. E. 370).  Should we reverse the case because of error in overruling all other grounds of the demurrer, the defendant would still be entitled to its judgment under the admitted facts pleaded with reference to plaintiff's failure to care for the property.  Having elected to stand on his demurrer, plaintiff concedes the facts prop-

erly pleaded and simply challenges the law. The judgment against plaintiff was properly rendered.

II. Moreover, we are constrained to hold that the defense of fraudulent overvaluation of the property was sufficient in view of the admissions made by the demurrer.

3. SAME: insurance: overvaluation of property.

*Behrens v. Insurance Co.*, 64 Iowa, 19; *Bennett v. Insurance Co.*, 51 Conn. 504; *American Ins. Co. v. Gilbert*, 27 Mich. 429; Vance on Insurance, section 162; *Dunham v. Insurance Co.*, 34 Wash. 205 (75 Pac. 804); *Hartford Co. v. Magee*, 47 Ill. App. 367; *Lycoming Co. v. Rubin*, 79 Ill. 402; *Baker v. Insurance Co.*, 31 Or. 41 (48 Pac. 699, 65 Am. St. Rep., 807; *Phoenix Co. v. Pickel*, 119 Ind. 155 (21 N. E. 546, 12 Am. St. Rep. 393); *Titus v. Insurance Co.*, 81 N. Y. 410.

Ordinarily the question of overvaluation is for a jury, as is every question of fraud in the making of a contract; but here the facts are admitted by the demurrer, and the judgment may well be sustained on this ground.

For these reasons, the order of the trial court must be, and it is, *affirmed*.