CLERK RUFFCORN, ET AL, Appellants, v. THOMAS CHATBURN, ET AL, the Board of Supervisors of Harrison County, Appellees.

Municipal corporations: COUNTIES: ERECTION OF BRIDGES: STATUTES: MANDAMUS. Under the provisions of Chapter 71 of the Acts of the 34th General Assembly, and Section 1989-a of the Code Supplement, relating to the construction of ditches, and of a bridge over a ditch when the same crosses a highway, a board of supervisors has no discretion in the matter of constructing a bridge under such circumstances; and mandamus will lie to compel them to construct one over a ditch which crosses the highway.

*Appeal from Harrison District Court.*—HON. O. D. WHEELER, Judge.

MONDAY, JUNE 29, 1914.

THIS is an action of mandamus to compel the defendants, the board of supervisors of Harrison county, to construct a bridge over a drainage ditch in their county. Defendants answered that in their opinion the bridge should not be built, because there was no necessity therefor, and because the expense was such that it should not be built, inasmuch as there was already another bridge near at hand which would answer all purposes. They also averred that the court was without jurisdiction, and claimed that the matter of building the

bridge was wholly within their discretion. On these issues the case was tried, resulting in a judgment dismissing plaintiffs' petition, and they appeal.—*Reversed.*

*Mayne & Green,* for appellants.

*L. W. Fallon,* for appellees.

DEEMER, J.—Chapter 71 of the Acts of the 34th General Assembly reads as follows:

Section 1. It shall be unlawful for any person, firm, corporation, road superintendent, township trustee, or board of supervisors to construct open ditches, water breaks, or other obstructions of like character, on the traveled portion of any traveled highways and such obstruction is hereby declared a nuisance and removable as such.

Sec. 2. It shall be the duty of the township trustees, board of supervisors or other officers responsible for the care of public highways in each township or county in this state to remove all open ditches, water breaks, and such like obstructions mentioned in section 1 hereof, from the traveled portion of public highways within their several townships or counties, and to employ labor for this purpose in the same manner as for the repair of highways; and for neglect or failure to perform this work they shall be subjected to the penalties of this act.

Sec. 3. Any person, firm or corporation violating any of the provisions of this act, or any township trustee, road superintendent, inspector, member of the board of supervisors, or other officer, who neglects or fails to perform the duties encumbent upon him under the provisions of this act, or violate the provisions thereof, shall be guilty of a misdemeanor, etc.

And section 1989-a19 of the Code Supplement, which is a part of the drainage law of the state, provides that:

Where the board of supervisors shall have established any levee, drainage district or change of any natural water course, and when such levee, ditch, drain or change of any natural water course crosses any public highway, the actual cost of constructing the same across such highway shall be paid by

the township trustees from the road fund of such township; and whenever the making of such improvement across any highway necessitates the building of a bridge over the same, the board of supervisors shall build and construct the same and pay all costs and expenses thereof out of the county bridge fund, etc.

Paragraph 18 of section 422 of the Code also provides that:

The board of supervisors at any regular meeting shall have the following powers, to wit: . . . Par. 18. To provide for the erection of all bridges which may be necessary, and which the public convenience may require, within their respective counties, and to keep the same in repair, except as otherwise provided by law.

Section 4341 of the Code contains this general provision:

The action of mandamus is one brought to obtain an order commanding an inferior tribunal, board, corporation or person to do or not to do an act, the performances or omission of which the law enjoins as a duty resulting from an office, trust or station. Where discretion is left to the inferior tribunal or person, the mandamus can only compel it to act, but cannot control such discretion.

In the year 1912 a drainage district was established in Harrison county, which involved the change of a natural water course known as the Soldier river. This river originally ran in a southerly direction, some distance east of the town of Mondamin, and emptied into the Missouri river at a point about ten miles south of the point where it now empties into that stream. The plans for the drainage district contemplated a change of the Soldier river from a point north and east of Mondamin to the Missouri river, and involved the carrying of the water at almost a right angle from its original course, so as to shorten it by something like ten miles. In doing this the ditch was carried across high, dry, and productive lands, and many highways were intersected, among them the one in question, which ran along the section line between sections 11

and 14 in Morgan township, in said county.   This highway, before the change in the channel of the stream, was in general use and was one of the principal roads in the township.   When the course of the river was changed, it intersected this highway near the center of the southwest quarter of 11, rendering the highway entirely impassable at that point without a bridge over the ditch dug to carry the water of the river.   This ditch was cut in June of the year 1912, and, although frequently requested, the county board of supervisors have persistently refused to build a bridge over it.   Plaintiffs, or some of them, own lands on both sides of the ditch, and to get from one part to another they are compelled to make a detour of three-fourths of a mile.   There is a schoolhouse on section 11, and school children living on the east side of the ditch are compelled to go to another school or to make the same detour as other travelers along the road.   The board refused to construct the bridge because of the expense of erecting it at that particular point, and because they insist that there is another close at hand which answers all practical purposes.

The attached rough plat will show the situation:

A temporary bridge was constructed across the ditch in the northwest quarter of section 14, as shown by this plat, which has since been made permanent. The ditch crosses a highway between sections 11 and 12, another in the southeast corner of section 15, and another in the northwest quarter of section 14, also the one in controversy between 11 and 14. The main highway to Mondamin, both north and south, before the construction of the ditch, was between 11 and 12, and there is a bridge in this highway over the ditch; all as shown by the map.

The plan of the board, as we understand it, is to establish a highway from the point where the bridge now is in section 14 northward along the ditch, using the east bank thereof, to a junction with the highway between sections 11 and 14 on the east side of the ditch. A bridge at the point in question would cost from $2,000 to $2,500, and necessitate a span of approximately 100 feet in width. The board has at no time undertaken to vacate and change the highway in dispute in any legal manner, and the sole question in the case is, as stated by appellee's counsel: Can the board be compelled by a mandamus suit, instituted by private citizens and taxpayers, to construct a bridge over the drainage ditch in question where it crosses a regularly established and long used highway? Another way of stating the matter in this: Is section 1989-a19 mandatory or directory only? And still another: May the board of supervisors vacate, alter, or change a highway by neglecting to construct bridges therein?

If defendants were called upon to act simply in virtue of section 422 of the Code, there would be no doubt of appellees' contention that this action would not lie. See Code, sections 4341 and 422, *supra; State v. Morris,* 43 Iowa, 192; *Leonard v. Wakeman,* 120 Iowa, 140, and cases cited.

The controversy turns, however, upon the proper construction to be placed upon chapter 71, Acts 34th General Assembly, and section 1989-a19 of the Code Supplement, before quoted. They are mandatory in terms and impose affirmative

duties. Unless therefore they should be construed as directory or permissive in character, they should be observed; and any person specially injured may compel performance by action of mandamus.

A great deal is said in argument regarding the use of the word "shall," and it is contended that as against the government or any of its instrumentalities the word when used in a statute is to be regarded as equivalent of "may," unless a different intent is manifest. This doubtless is the general rule, but the rule itself provides an exception to the effect that the intent of the Legislature is controlling. Here, as we shall presently see, the Legislature has spoken in no uncertain terms.

Again, the word "necessitating" is construed by appellee as meaning that some discretion is lodged in the board in determining when a bridge is necessary. In a sense this is true, but as used in the statute under consideration it is the crossing of the ditch which produces the necessity referred to in the statute, and not the necessities of the public as viewed by the board. It is conceded on all hands that, without a bridge over the ditch where it intersects the road in question, the road is entirely impassable, and is in effect vacated so far as the general public is concerned. The ditch is such that it must be bridged in order to cross it, and the only question in the case is: Has the board of supervisors any discretion in the matter of constructing the bridge? It has not in any legal way attempted to vacate, alter, or change the highway in question; yet by inaction it has accomplished the same object for all practical purposes; but this has been contrary to the clear mandate of the law.

It seems to us that the statute is very clear, that it is mandatory in terms, and that no discretion is lodged in the board, regarding the matter. So long as it recognizes the highway it must erect the bridges necessitated by the construction of the drainage ditch. If it would vacate, alter, or change

the highway, it must do so in a lawful way and not by in-
direction.

The trial court was in error in dismissing the petition, and
the judgment must be reversed and the cause remanded for a
judgment in harmony with this opinion.

*Reversed* and *Remanded.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concurring.