Sharon SLAUGHTER on Behalf of herself and her minor child, Toni Slaughter; Helen Stewart; Jennifer Ayers; and Kathryn Jenkins, Appellees,

v.

Leonard LEVINE, in his capacity as Commissioner of the Minnesota Department of Public Welfare, Appellant.

Kathryn JENKINS, Appellant,

v.

Leonard LEVINE, in his capacity as Commissioner of the Minnesota Department of Human Services, Appellees.

Nos. 85–5143, 85–5437.

United States Court of Appeals,
Eighth Circuit.

Submitted July 28, 1988.

Decided Aug. 26, 1988.

Beverly Jones Heydinger, St. Paul, Minn., current attorney is John L. Kirwin, Asst. Atty. Gen., St. Paul, Minn., for appellant.

Mary G. Grau, Minneapolis, Minn., current attorney is Laurie Davison, Minneapolis, Minn., for appellees.

Before ARNOLD and FAGG, Circuit Judges, and TIMBERS,* Senior Circuit Judge.

---

* The Hon. William H. Timbers, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

PER CURIAM.

This case is before us on remand from the Supreme Court of the United States. *Gardebring v. Jenkins,* —— U.S. ——, 108 S.Ct. 1306, 99 L.Ed.2d 515 (1988). The Supreme Court, reversing this Court, has decided the claim based on departmental regulations. A constitutional issue, arising under the Due Process Clause of the Fifth Amendment, remains in the case.

In response to our show-cause order of July 8, 1988, the Court has received plaintiff Jenkins's Memorandum in Opposition to a Remand With Directions to Dismiss and defendant's Memorandum in Support of Remand With Directions to Dismiss. We are convinced that plaintiff cannot prevail on her due-process claim, and therefore remand this case to the District Court with directions to dismiss the complaint with prejudice.

In *Atkins v. Parker,* 472 U.S. 115, 105 S.Ct. 2520, 86 L.Ed.2d 81 (1985), the Supreme Court rejected the claim that there is "a constitutional right to advance notice of [a legislative] amendment's specific impact on [the] entitlement to food stamps before the statutory change [can] be implemented by reducing or terminating ... benefits." *Id.* at 127, 105 S.Ct. at 2527. The Court's reasoning was clear and unequivocal:

> The procedural component of the Due Process Clause does not "impose a constitutional limitation on the power of Congress to make substantive changes in the law of entitlement to public benefits." *Richardson v. Belcher,* 404 U.S. 78, 81, [92 S.Ct. 254, 251, 30 L.Ed.2d 231] (1971).
>
> ... As we have frequently noted: "[A] welfare recipient is not deprived of due process when the legislature adjusts benefit levels.... [T]he legislative determination provides all the process that is due." [footnote omitted.]

472 U.S. at 129–30, 105 S.Ct. at 2529.

We think that reasoning comprehends this case. Plaintiff's claim is that the Due Process Clause requires some advance notice to AFDC recipients before the State of Minnesota can implement the new lump-sum rule, which was enacted by Congress through regular legislative process. This claim is not distinguishable in any meaningful way from the claim in *Atkins.* It is not sufficient that plaintiff's claim here is that the Constitution requires *some* notice, whereas the question in *Atkins* was whether the notice given was constitutionally adequate; neither argument survives the rule that the regular legislative process completely satisfies the Due Process Clause. Nor is it enough to argue, as plaintiff does here, that the effect of the lump-sum rule on plaintiff is so severe as to require a different result; the *Atkins* principle, as we understand it, contains no such exception. A great many federal statutes affect, with varying degrees of severity, the rights of property owners and the entitlements of welfare recipients. But under Supreme Court precedent, none of those people can complain that lack of notice of the passage of a statute denied them some procedural requirement of the Due Process Clause; their remedy lies instead in the legislative process and their elected representatives.

Finally, we reject plaintiff's argument that we should refrain from ruling on this claim and should remand it to the District Court for initial determination. The claim presents a purely legal question which we can resolve on the basis of the record before us. It would serve no useful purpose to pass the issue to the District Court, thereby probably generating another appeal, when the issue is clear and can be easily laid to rest now.

The case is remanded to the District Court with directions to dismiss the complaint with prejudice.

It is so ordered.