WOLLMAN, Circuit Judge.
 

 Lori Johnston appeals the district court’s
 
 [1]
 
 decision on cross-motions for summary judgment allowing the Iowa Department of Human Services (the State) and the Secretary of the United States Department of Health and Human Services (the Secretary) to recoup overpayments of Aid to Dependent Children of Unemployed Parents (ADC-UP) benefits. We affirm.
 

 I.
 

 Ms. Johnston applied for ADC-UP benefits on January 9, 1987, based on her husband’s unemployment. ADC-UP regulations require the primary wage earner in the family, in this case, Mr. Johnston, to register for work with the state public employment office. The State failed to inform the Johnstons that unless Mr. Johnston registered, they were ineligible for benefits. In December 1987, the State discovered its error and asked Mr. Johnston to register for employment, which he did promptly.
 

 Because Mr. Johnston had not been registered prior to December 1987, the State concluded that he had not met the work registration requirement for the ADC-UP program, and that the family had not been entitled to any of the benefits received prior to his registration. The State initially claimed a $4,322 overpayment, the entire amount of ADC-UP benefits the Johnstons received in 1987. A hearing officer later found that, under state regulations, prior to June 1, 1987, the Johnstons were ineligible only if the primary wage earner refused to register for work. After June 1, a rule change made them ineligible for a simple failure to register. Because Mr. Johnston never refused to register for work, the hearing officer held that the family did not lose eligibility until June 1, 1987, reducing the overpayment to $2,667.
 

 
 *1245
 
 Ms. Johnston brought suit against the State in the Iowa District Court for Polk County requesting judicial review of the State’s decision to recoup benefits. The State impleaded the Secretary, who removed the case to the United States District Court for the Southern District of Iowa. Ms. Johnston moved for summary judgment against the State and the Secretary, which the district court denied. The State moved for summary judgment against the Secretary in the event Ms. Johnston’s motion was granted, which the district court also denied. The Secretary moved for summary judgment against Ms. Johnston, which the district court granted.
 

 II.
 

 Ms. Johnston arerues that no overpayment occurred, that it would be a denial of due process to deny benefits for not complying with a rule that the family was not notified of, and that the State is es-topped from recouping benefits for which the family was eligible.
 

 States that choose to participate in the joint federal-state Aid to Families with Dependent Children (AFDC) program are required to follow the provisions of and regulations under Title IV-A of the Social Security Act.
 
 Heckler v. Turner,
 
 470 U.S. 184, 189, 105 S.Ct. 1138, 1141, 84 L.Ed.2d 138 (1985). Participating states provide AFDC to needy children and their families, and have the option of providing AFDC to families with unemployed parents under the ADC-UP program. 42 U.S.C. §§ 606, 607. ADC-UP regulations require that the unemployed parent must be registered for work either in a county’s Work Incentive Program, the JOBS program, or with the state public employment office. 42 U.S.C. § 607(b)(2)(C)(i); 45 C.F.R. § 233.100(a)(5).
 

 In the Omnibus Budget Reconciliation Act of 1981 (OBRA), Congress mandated that a state collect any overpayment of welfare aid. Prior to OBRA, states were not required to recover overpayments unless they were a result of deliberate misrepresentations or fraud on the part of the recipient. After OBRA, any overpayment of welfare must be recovered, without consideration of fault. Congress amended the Social Security Act to require that “the State agency will promptly take all necessary steps to correct any overpayment ... of aid.” 42 U.S.C. § 602(a)(22). We agree with the Second and Ninth Circuits that “any” literally means “any,”
 
 Tambe v. Bowen,
 
 839 F.2d 108, 110 (2d Cir.1988);
 
 Edwards v. McMahon,
 
 834 F.2d 796, 799 (9th Cir.1987). Thus, all overpayments must be recovéred, no matter the magnitude of the payment or the source of the error causing the overpayment.
 

 The State is required to impose every condition under the Social Security Act on all applicants and recipients of AFDC and ADC-UP. 45 C.F.R. § 233.10(a)(l)(i). If the primary wage earner fails to register with the state employment agency, and does not fall within an exemption, the family is ineligible for ADC-UP benefits. If an ineligible family receives ADC-UP benefits, this is considered an overpayment which must be collected from the family by the state. 45 C.F.R. § 233.20(a)(13)(i).
 

 The Johnstons argue that because they received the same amount of benefits they would have had there been no error, the State made no overpayment of benefits. The Johnstons, however, were not eligible for any benefits after June 1, 1987, until Mr. Johnston had registered for work with the state public employment agency. The purpose of the recoupment statute is to recover welfare funds that have been paid to ineligible families. That purpose must be furthered here. Technical requirements are conditions of eligibility under the law, and if conditions are not met, a payment to an ineligible family must be recovered. In the absence’ of strict compliance with program requirements, the Johnstons were technically ineligible, and thus they were overpaid. Congress chose to have that overpayment collected.
 

 III.
 

 Ms. Johnston asserts that the State’s failure to provide notice of the work registration requirement violates due process because the State did not provide her husband a meaningful opportunity to comply with the primary wage earner registration requirement. Providing individualized notice of program conditions, however, is not a requirement of due process. Ms. Johnston complains that there was no reasonable means for them to learn of the registration rule, or to comply with it, without notice from the State. But the rules were then published in statute, 42 U.S.C. § 607(b)(2)(C)(i), and in both federal and state regulations, 45 C.F.R. § 233.100(a)(5) and IAC 441—42.4(3). Welfare recipients, like other citizens, are presumed to know the requirements of the law and to be able to act in conformity with them. Enactment of statutes and promulgation of regulations, where there is no defect in the legislative process, provide all the notice that is
 
 *1246
 
 due.
 
 Atkins v. Parker,
 
 472 U.S. 115, 130, 105 S.Ct. 2520, 2529, 86 L.Ed.2d 81 (1985);
 
 Slaughter v. Levine,
 
 855 F.2d 553, 554 (8th Cir.1988).
 
 See also Gardebring v. Jenkins,
 
 485 U.S. 415, 108 S.Ct. 1306, 99 L.Ed.2d 515 (1988).
 

 Ms. Johnston argues that the government should be estopped because it admits its error was the cause of the Johnstons’ overpayment. Although the possibility of an estoppel against the government has not been foreclosed,
 
 Office of Personnel Management v. Richmond,
 
 — U.S. -, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387 (1990), we agree with the district court that the facts of this case do not present a situation where the government took some affirmative action that might possibly constitute the basis for an estoppel claim.
 
 INS v. Hibi,
 
 414 U.S. 5, 8, 94 S.Ct. 19, 21, 38 L.Ed.2d 7 (1973).
 

 The judgment of the district court is affirmed.
 

 [1]
 

 . The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.