Tina **MARSHALL**, Appellant,

v.

**STATE of Iowa Department of Human Services, Appellee.**

No. 96–349.

Supreme Court of Iowa.

Feb. 19, 1997.

William Bauer of Bauer, Schulte, Hahn, Swanson & Brown, Burlington, for appellant.

Thomas J. Miller, Attorney General, Diane M. Stahle, Special Assistant Attorney General, and Stephen Robinson, Assistant Attorney General, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and LAVORATO, JJ.

HARRIS, Justice.

The trial court held that the law applicable in this case demands a harsh result. The remedy accorded to the State initially does seem excessive. To his considerable credit, the assistant attorney general, as appellate counsel, tendered a lesser remedy that we feel obliged to reject. We agree with the trial court that incorrect information on a public benefits application rendered all benefits subject to recoupment by the State.

The petitioner Tina Marshall received aid to dependent children (ADC)[1] benefits from the Iowa department of human services (the department) from July 1, 1983, until February 28, 1987. The payments were made on the basis of Tina's application which failed to disclose the existence of bank accounts and bank certificates of deposit held jointly in her name, the name of her husband (from whom she was separated and later divorced), and the names of her children. These accounts, to which Tina had access, totaled $1482.98.

When Tina applied for ADC benefits in July 1983 she filled out an initial application form. One section of this form was entitled "Resources" and asked: "Does anyone in your home have any of the following resources? Check 'Yes' or 'No' for each item. Complete the information line for items checked 'yes'." The form listed several suggested resources. Tina only checked yes for her own checking accounts. She did not check yes for "Savings Account" and "Time Certificates."

Thus Tina did not report the savings accounts and certificates of deposits previously mentioned. Their total exceeded by $482.98

---

1. Effective July 1, 1993, this program was renamed the family investment program. Iowa Code § 239.1A(1) (1995).

the eligibility limit of $1000 for financial assets held by members of the same household. It is clear that, if Tina had correctly disclosed these accounts, she would not have been eligible for ADC benefits. Tina also failed to disclose these accounts in subsequent reports and applications to the department, and thus exceeded the program limits throughout the period she received ADC.

Tina viewed the money in these accounts as her children's, to be used for their future education, and did not think she needed to list them on the application or subsequent reports to the department. It is undisputed that Tina did not knowingly or intentionally act to defraud the department. Tina testified that, had she known these accounts were to be reported and failure to report them would render her ineligible for benefits, she would have spent the money for family necessities or placed them beyond her, or her husband's, control.

After the department learned of the existence of the accounts, it sent Tina a letter demanding repayment of $9720, all the benefits Tina received. After a hearing before an administrative law judge, the department entered a final decision that Tina was required to repay the entire $9720.

Tina sought judicial review to challenge the department's decision. She claimed there was no basis for such repayment because there was no showing she had a fraudulent intent, and that the collection action was untimely. The district court affirmed the department's ruling. The court determined the repayment action was taken pursuant to Iowa administrative code rule 441—46.1 (1994) which permits repayment of benefits upon client error including the providing of false or misleading statements which affect eligibility. The court determined that the rule did not require a showing of fraudulent intent. The court also rejected Tina's argument that the collection action was untimely.

The matter is before us on Tina's appeal. We review appeals from final agency action on error. Iowa Code § 17A.19(8) (1993).

I. In *State ex rel. Iowa Department of Human Services v. Pierce,* 460 N.W.2d 467, 468–69 (Iowa 1990), we held the State has a common-law right to recover public assistance benefits that are paid by the department in error. We took care to point out that this right was derived from common law and was not based on a state [2] or federal statute. *Id.*

■ Federal law requires states to recoup overpayments of welfare benefits. 42 U.S.C.A. § 602(a)(22) (West 1991). This obligation applies to the State even in the absence of fault on the part of an applicant. *Johnston v. Iowa Dep't of Human Servs.,* 932 F.2d 1247, 1249 (8th Cir.1991). Federal law demands that "the state agency will promptly take all necessary steps to correct any overpayment . . . of aid." 42 U.S.C.A. § 602(a)(22). This same federal statute also requires that if overpayment is made "to any individual who is no longer receiving aid . . . recovery shall be made by appropriate action under state law against the income or resources of the individual or the family." *Id.* § 602(a)(22)(B).

Federal regulations implementing this statute define "overpayment" as "a financial assistance payment received by or for an assistance unit for the payment month which exceeds the amount for which that unit was eligible." 45 C.F.R. § 233.20(a)(13)(i) (1996). These regulations also provide that "[t]he State shall recover overpayment from . . . any individual members of the overpaid assistance unit whether or not currently a recipient." *Id.* § 233.20(a)(13)(i)(B).

■ Thus under federal law the State is required to recover ADC benefit overpayments made to Tina. She was ineligible for

---

2. The common-law right is complemented by Iowa Code section 239.17 which provides:

A person who obtains, or attempts to obtain, or aids or abets any person to obtain, by means of a willfully false statement or representation, or by impersonation or any fraudulent device, assistance to which the recipient is not entitled, is personally liable for the amount of assistance thus obtained. The amount of the assistance may be recovered from the offender or the offender's estate in an action brought or by claim filed in the name of the state and the recovered funds shall be deposited in the family investment program account. The action or claim filed in the name of the state shall not be considered an election of remedies to the exclusion of other remedies.

assistance in each month she received benefits. Her ADC benefits therefore exceeded her eligible amount of aid by the full amount of assistance she received. Thus under federal law she owes the entire $9720. *See* 45 C.F.R. § 233.20(a)(13)(i).

 II. The attorney general suggests we allow the State to recover only $1482.98 (the amount of the bank accounts that rendered Tina ineligible for ADC benefits). Counsel makes this suggestion because of Iowa code of professional responsibility for lawyers EC 7–14 (1996) which governs the conduct of government lawyers.[3] But we lack authority to order this equitable result and therefore decline to do so. *See Johnston,* 932 F.2d at 1249.

There is a certain logic at the heart of the stern rule requiring full repayment. To limit the right of recoupment as suggested by counsel would be impractical. Even if we could adopt the suggestion and did so, applicants would lose a prime incentive for meticulous honesty in disclosing personal resources. The applicant who provides false information should face more than restoration to maximum entitlement.

 III. Tina also contends the State's suit was barred by Iowa Code sections 614.1(4) and 614.4 (five-year limitation for bringing an action for fraud) because the action was brought more than seven years after the final ADC payment. Under Iowa law the defense of a general statute of limitations, such as those in Iowa Code chapter 614, cannot be made when the State is seeking to enforce a public right. *State ex rel. Weede v. Iowa S. Utils. Co.,* 231 Iowa 784, 837–38, 2 N.W.2d 372, 399–400 (1942); *State ex rel. Schlagel v. Munn,* 216 Iowa 1232, 1237–38, 250 N.W. 471, 473–74 (1933); *Perley v. Heath,* 201 Iowa 1163, 1165–66, 208 N.W. 721, 722 (1926). Here the State is enforcing a public right by recovering welfare overpayments. There is no merit in the assignment.

Because all Tina's assignments are without merit the district court judgment must be affirmed.

**AFFIRMED.**

---

3. The Iowa code of professional responsibility for lawyers EC 7–14 states:

A government lawyer who has discretionary power relative to litigation should refrain from instituting or continuing litigation that is obviously unfair. A government lawyer not having such discretionary power who believes a controversy lacks merit should so advise his or her supervisors and recommend the avoidance of unfair litigation. A government lawyer in a civil action or administrative proceeding has the responsibility to seek justice and to develop a full and fair record, and the lawyer should not use the position or the economic power of the government to harass parties or to bring about unjust settlements or results.

Counsel for the department does not have discretionary power relative to this case, he believes the controversy lacks merit beyond the recovery of $1482.98, and he has so advised the department.